Brennan *v.* Gordon.

GEORGE H. BRENNAN, Appellant, *against* READ GORDON, JR., *et al.*, Respondents.

(Decided December 6th, 1886.)

In an action to recover for injuries to plaintiff while in defendants' employ, caused by the falling of an elevator, it appeared that plaintiff was designated by defendants to take charge of the running of the elevator, newly erected in their building, and was instructed as to its operation by M., an employe of the contractors who constructed it, and also by D., one of several superintendents or working foremen in the employ of defendants; that on the day of the accident M. and his assistant placed beams in the elevator to be carried to the third floor, and D. placed a larger beam there to be carried to the floor above; that the elevator was stopped at the third floor, and M. removed therefrom the beams he had placed therein; that D., directing plaintiff to remain there, went to the upper floor to remove the larger beam, and when about to do so the elevator was started again, and the end of the beam, which projected above the elevator, came suddenly in contact with the roof, and broke the fastenings of the elevator, causing its fall and the injuries to plaintiff. The evidence was conflicting as to whether the elevator was started by D. or by plaintiff. *Held,* that a recovery could not be based upon the ground that defendants had not provided suitable machinery, there being no evidence to that effect; nor upon the ground of D.'s negligence, as that of a master, the proofs showing only that D. sometimes hired laborers for defendants, and was detailed by defendants to instruct plaintiff in the use of the elevator, and also that D., at the time of the accident, was engaged in the menial labor of assisting to get a beam in place in the top of the building.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The action was brought to recover damages for personal injuries received by plaintiff, an employe of defendants, from the falling of an elevator operated by him under their directions.

The defendants, who were packers of fruit, moved into a building on Greenwich Street, in which a new elevator had been constructed for their use, under the immediate charge of one Mulcahy, a foreman of the contractors, by whom it was used, and who signified his intention to instruct the man who was going to use it for defendants. The plaintiff was designated by defendants for that purpose. The evidence shows that he did receive instructions from Mulcahy, and had entire charge of it on the day upon which the accident occurred. On that day two beams were placed upon the elevator by Mulcahy and his assistant, which were to be used on the top floor of the building. At the same time a brother of the defendant Dilworth placed another beam on the car to go to the top floor.

The evidence shows that he directed the plaintiff to go to the third floor and stop. The car being stopped level with the third floor, Dilworth left it, directing plaintiff to remain there until he, Dilworth, should reach the top floor. The testimony is conflicting as to whether or not these instructions were obeyed. After the two beams which Mulcahy had put upon the car were taken off, Dilworth reached the top floor and was about to take off the beam placed by him on the car, when it started, the end of the beam struck the roof, and one of the two clutches operating the drum broke, and the elevator fell to the cellar below, whereby the plaintiff suffered the injury for which he now sues.

Upon a previous trial the complaint was dismissed, but the General Term of this court, upon appeal, held that the case should have been submitted to the jury (13 Daly 208),

which was subsequently done, and a verdict rendered for the defendants. From the judgment entered upon that verdict plaintiff appealed.

*Edward P. Schell* and *Edward C. James*, for appellant.

*Kitchel & Jelliffe*, for respondents.

LARREMORE, Ch. J. — The General Term of this court, upon the authority of *Railroad Co.* v. *Fort* (57 Wallace [U. S.] 554); *Munn* v. *Delaware Canal Co.* (91 N. Y. 500), held that in this case the instructor of the plaintiff did not occupy to him the relation of a co-servant, but that he was a representative of the master, who was answerable for his incompetency or negligence (13 Daly 208).

The questions of fact in this case appear to have been fairly submitted to the jury, and the special findings directed by the court in an alternative form could not, in my judgment, have affected the conclusion which the jury finally reached in their general verdict.

Some stress is laid upon a portion of the charge, which is as follows :

"If, upon the whole case, you are satisfied that the defendants were not in fault, and you conclude to render a verdict for them, you need not answer any of these questions."

This seems to be no substantial error, and could not possibly have misled the jury. They passed upon the material issue in the case and decided it in defendants' favor, and I find no errors upon the trial for which it should be disturbed (*Deirfes* v. *Clark,* 3 Adolp. & El. 506).

The judgment appealed from should be affirmed, with costs.

VAN HOESEN, J. — I am in favor of affirming the judgment, though I do not feel called upon to express concurrence in all that was said by the judge at the trial. My reason for voting to affirm is, that I think that, upon the undisputed evidence, the defendants were entitled to a verdict.

It is indisputable that a finding that the elevator was unsafe, or defective in any respect, would have been not merely without evidence to support it, but against all the evidence in the case. No recovery upon the ground that the defendants neglected to provide machinery suitable for the use of their servants, could have been sustained. *Gerlach* v. *Edelmeyer* (47 Super. Ct. 292), on which the plaintiff relies, has no applicability to the facts of this case. That case applied the well-known maxim, *Res ipsa loquitur*, where an elevator fell without any apparent cause. The court held that as ordinarily an elevator properly constructed and properly managed does not fall, and as that elevator did fall, the presumption was that there was something wrong, either with the elevator or with the management of it, and that that presumption would warrant a verdict for the plaintiff, unless it were rebutted by the defendant's evidence. Here the cause of the elevator's fall is known to a certainty. It fell because it was broken by violence. It was negligent to apply that violence. The man who did the mischief was seen in the very act of doing it. There is no room for speculation, conjecture, or legal presumptions. The elevator, properly built and in good condition, was broken through the fault of a workman. Unless the plaintiff and Mulcahy committed perjury, the cause of the accident is not unexplained; but notwithstanding this, the counsel for the plaintiff contends that if they did commit perjury, the plaintiff is nevertheless entitled to recover, because there is no explanation except theirs, and if that be false, we must say, *Res ipsa loquitur*. This contention is, to say the least, novel. I can imagine a case in which a plaintiff could recover though the account that he gives of the circumstances that caused his injury might be completely disproved; but in such a case, other testimony, whether adduced by him, or by the defendant, would prove his cause of action. But here the defendants do not establish the case for the plaintiff, and he must fail if the facts that he and his witnesses have sworn to do not show his right to recover. The accident was caused by carelessly

Brennan *v.* Gordon.

sending the elevator up towards the roof, with great force, with a heavy beam in it that projected above the elevator, and reached down to its floor. The strain was so great that some part of the structure had to give way, and when one of its appendages broke, the elevator fell, and carried the plaintiff down with it. The question in the case was, who caused the elevator to move towards the roof when it ought to have remained stationary? The plaintiff and Mulcahy swore positively that they saw, actually saw, Harry Dilworth, one of the defendants' servants, seize the elevator rope, and send the elevator upward. It is true that Harry Dilworth denies that he did so, but we must assume, for the purposes of this appeal, that the plaintiff's story is true. Harry Dilworth was one of several superintendents, or working foremen, that the defendants had in their employ. Though Harry's act were negligent, the plaintiff could not recover, if the negligence were that of a fellow-workman. Seeing this difficulty, the plaintiff attempts to show that Harry was not a fellow-servant, first, because he sometimes hired and employed workmen, and secondly, because he had been detailed by the defendants to initiate the plaintiff into the art and mystery of operating the elevator. There is no evidence that the plaintiff was hired by Harry, nor does it appear what class of workmen Harry occasionally employed. It may be that he merely hired laborers by the hour, or only when specially authorized by the defendants. The mere fact that a foreman may now and then employ a man for his master's service, does not make him at all times, and for all purposes, the *alter ego* of his master. This is shown by the case of *Neubauer* v. *Railroad Co.* (101 N. Y. 607), where Frampton, the foreman carpenter of the railroad, who hired some men, and sometimes suspended them, was held to be after all only a fellow-servant of Neubauer, the plaintiff, who was injured while working in one of the gangs under Frampton's orders. See also *Hoppin* v. *Worcester* (2 East. Rep'r 384). If the plaintiff wished to hold the defendants liable on the ground that Harry stood in their place as master, he was bound to prove something more than that he was one of sev-

eral floor bosses, and that he sometimes hired or discharged men: he was bound to prove that at the time he started the elevator on its unfortunate ascent Harry was engaged in doing an act that properly fell within the sphere of duties that the law imposes on the master (Woods' Master & S. 890).

But it is said by the plaintiff that Harry was his instructor, and had not yet finished his teachings. There is very strong evidence that Mulcahy, not Harry, was the plaintiff's teacher; but we must assume that Harry did by defendants' orders undertake to instruct him, and that the plaintiff was still his pupil. The defendants would undoubtedly be liable if Harry neglected his duty, either by failing to impart instruction properly, or by injuring the plaintiff whilst in the act of instructing him. But the evidence shows an entirely different state of things. Harry was not engaged in the office of teaching, but in the menial labor of assisting in getting a beam in its proper place. When he started the elevator he was acting as the defendants' servant, and was only the fellow-servant of the plaintiff. For his negligence under those circumstances the defendants are not liable. The case of *Crispin* v. *Babbitt* (81 N. Y. 516) is directly in point, and is controlling. That case was approved in *Neubauer* v. *Railroad Co.* (cited *supra*). See also *Hoppins* v. *Worcester* (cited *supra*), which holds the same doctrine.

Upon the plaintiff's own evidence, therefore, it clearly appears that he was not entitled to recover. He has no reason to complain of any error committed in the course of trial that did not prevent him from presenting competent evidence that he offered. I have looked through the exceptions, and I do not discover that any proper testimony that the plaintiff attempted to introduce, was rejected.

The judgment should be affirmed, with costs.

BOOKSTAVER, J., concurred.

Judgment affirmed, with costs.