PRATT, J., concurred.

Judgment affirmed, with costs.

---

PATRICK HART, RESPONDENT, v. ELKAN NAUMBURG, WILLIAM KRAUS AND SAMUEL LAUER, APPELLANTS.

*Action against a master by an employee for the failure of the former to furnish safe machinery — when the master is liable for injuries caused by an elevator known to him to be unsafe and dangerous.*

In an action brought by the plaintiff, an employee of the defendants, to recover damages for injuries sustained by being thrown from an elevator used by the defendants in hoisting goods to and from the floors of their building in New York, upon the ground of the neglect of the defendants to furnish safe machinery for the use of the plaintiff while engaged in the performance of his duties, it was shown that the accident was occasioned by the tipping of the elevator, so as to be at an angle of forty-five degrees, causing the plaintiff to slide down the elevator hole. There was proof tending to show that when the elevator reached the bottom, for a long time previous to the accident, the drum on which the chains rolled up continued to revolve, thus unwinding a turn and a half of the drum and casting the chains loose upon the ground. When the elevator started the chains wound up irregularly instead of close. The drum was of sufficient capacity to hold the chains if wound tight; but if the chains were not wound tight on the drum they would finally fill the drum and then go over the shaft and then slip one side of the elevator, and proof was given upon the trial tending to show that this was the cause of the accident in this case, and also that this defect was known to the defendants.

*Held,* that the elevator was out of order and dangerous, and that the case fell within *Stringham* v. *Stewart* (100 N. Y., 516).

That the defendants could not be relieved by evidence showing that they had provided for an inspection of the elevator

That the plaintiff had a right to rely upon the performance of their duty by his masters, and as he knew nothing of the danger from the uneven winding of the elevator chain, and was told to use it by the defendants' engineer, that the question of his contributory negligence was properly submitted to the jury and that a verdict in his favor would not be set aside.

APPEAL from a judgment in favor of plaintiff, entered on the verdict of a jury at the Kings County Circuit on the 19th day of January, 1888, in the office of the clerk of Kings county, and from an order denying a motion for a new trial made on the minutes of the justices before whom the action was tried.

The action was brought to recover damages arising from injuries sustained by the plaintiff and caused by the alleged defective condition of an elevator owned by the defendants, the employers of the plaintiff. The facts other than that the defendants had had an inspection made of the elevator every two months are sufficiently stated in the opinion.

*Treadwell Cleveland*, for the appellants.

*Charles J. Patterson*, for the respondent.

BARNARD, P. J.:

The plaintiff was an employee of the defendant. In March, 1886, he was injured by being thrown from an elevator used by the defendant in hoisting goods to and from the floors of their building in New York. The action is based upon allegations of neglect by the master to furnish safe machinery for the use of the employee when engaged upon his employment. The injury, it is claimed, was occasioned because the elevator was out of order and unsafe. This was the only question of fact in the case, and the evidence is conflicting, not as to the fact of the accident, but as to the cause of it. The elevator was a freight elevator, and there was a notice posted that it was not to be used, but the weight of the evidence is that it continued to be used by the employees of the defendants so continuously and openly that it must be assumed that the notice was not intended for the plaintiff to heed. Indeed, there is proof tending to show that he was an exception, and was the proper one to go up with it. The accident was occasioned by the elevator tipping so as to be at an angle of forty-five degrees, causing the plaint-

iff to slide down the elevator hole. There was proof tending to show that when the elevator reached the bottom for a long time previous to the accident the drum on which the chains rolled up continued to revolve, thus unwinding a turn and a half of the drum and casting the chain loose upon the ground. When the elevator was started the chains wound up irregularly instead of close. The drum was of sufficient capacity to hold the entire chains if wound tight, but if the chains were not wound tight on the drum they would finally fill the drum and then go over on the shaft and then slip one side of the elevator. This result caused the accident. There was proof tending to show that after the accident the chains had got off the drum on the elevator, and in the absence of any other proven cause and in view of the accident itself this must be deemed the true cause. The verdict of the jury is final upon the question. There is proof also tending to show that this defect was known to the defendant. The engineer had frequently driven the chain straight with a hammer when they wound wrong. Such an elevator is out of order and dangerous, and the case falls within *Stringham* v. *Stewart* (100 N. Y., 516). The defendant could not be relieved by inspection. The elevator was safe when it worked as designed to be worked, but it failed to do so, and the master had notice of the failure and continued to use it. The cause is disclosed and a remedy could easily be applied. The question of the plaintiff's contributory negligence was one for the jury. It is only in extreme cases where the court, as matter of law, determines this question. This was not such a case. The servant had the right to rely upon the performance of the duty by the master. He knew nothing of the danger from the uneven winding of the elevator chain, and he was told to use it as it was by the defendant's engineer. Under these circumstances it was for the jury to say whether the plaintiff violated any duty in using the elevator. (*Kain* v. *Smith*, 89 N. Y., 375.) The evidence that the elevator is not fit or safe to carry passengers and had not the appliances to avoid accident was properly admitted under the case of *Stringham* v. *Stewart* (*supra*).

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.