PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.

---

ISAAC EMIEL JACOBSON, AN INFANT, BY JACOB JACOBSON, HIS GUARDIAN, APPELLANT, v. JAMES CORNELIUS, RESPONDENT.

*Machinery — what omission therein does not constitute actionable negligence on the part of the master.*

In an action, brought to recover damages alleged to have been sustained by the plaintiff while in the employment of the defendant, by reason of the neglect of the defendant to provide safe and proper machinery and appliances for the use of the plaintiff in the discharge of his duties, it appeared that the plaintiff, who was about eighteen years of age, had been employed in the defendant's machine-shop about six months before the occurrence of the accident, which arose from the plaintiff's arm being caught in the belt connected with the defendant's machinery. The only proof given upon the trial tending to show that the machinery in such shop was defective and could have been put in and out of gear in a better manner, was evidence to the effect that there was no counter-shaft, and no fast and loose pulley, technically so-called, which, had they existed, would have made it safer to connect and disconnect the power.
*Held,* that this omission was not actionable negligence, and that the plaintiff was properly nonsuited.

APPEAL from a judgment dismissing the complaint upon the merits, recovered at the Kings County Circuit, and entered in the office of the clerk of the county of Kings on the 18th day of October, 1888.

The action was brought to recover damages for personal injuries sustained by the plaintiff by reason of the alleged imperfect condition of the machinery furnished by the defendant to the plaintiff, because of which the plaintiff was caught in a belt connected therewith, and his arm was seriously injured.

HUN — VOL. LII     48

*Henry W. Bates*, for the appellant.

*B. F. Tracy*, for the respondent.

BARNARD, P. J.:

The evidence makes out no cause of action, and the plaintiff was properly nonsuited. The plaintiff was about eighteen years of age and had been employed about six months in the defendant's machine-shop. There was no proof tending to show that the machinery by which the plaintiff was injured was defective in such respects as would support an action for neglect against the master.

The general rule is that the employee assumes the risks of the employment. The master is not bound to furnish the very best and safest machines. The implement must be reasonably safe of its kind and adapted to the employment. The only defect alleged or proven by the evidence is that the machine by which plaintiff was injured could be put in and out of gear in a better manner. There was no counter-shaft and no fast and loose pulley, technically so-called, which would have made it safer to connect and disconnect the power from the machine. This omission was not actionable negligence. (*Lafflin* v. *Buffalo, etc., R. R.*, 106 N. Y., 136.)

This appeal does not present the merits. There was no exception to the ruling of the judge in dismissing the action, and there was no motion for a new trial on the minutes or on a case made at a Special Term, according to section 999, Code of Civil Procedure. No question as to merits can, therefore, be raised upon this appeal. (*Third Avenue R. R.* v. *Ebling*, 100 N. Y., 98.)

Judgment affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.