All concur.

---

ISABELLA CUMMING, Respondent, *v.* THE BROOKLYN CITY R. R. Co., Appellant.

*N. Y. Supreme Court, Second Department, General Term, May 13, 1889.*

1. *Negligence. Railroad. Evidence.*—It is competent, in an action of negligence, to prove the situation of the parties and the circumstances surrounding the transaction, and show that the railroad was not fenced, and that no flagman was placed at the crossing, where the injury occurred, though the effect to be given to it is another question upon which the trial judge will give proper instructions.

2. *Same. Rule of damages.*—In an action brought by a mother for the death of her child through the negligence of a railway company, the jury are authorized to consider the pecuniary loss sustained by the injury, and are not confined to the mere amount the child will be able to earn over and above the expense of her board, clothing and education, but can consider the extra care and ex-

pense imposed upon the mother through the fault of the company.
3. *Same.*—The rule is that, as between the mother and child, resort
   may be had to the child's property before the mother will be com-
   pelled by law to support the child.

*Morris & Whitehouse,* for appellant.

*Carpenter & Roderick,* for respondent.

PRATT, J.—It is competent in an action of negligence to prove the situation of the parties and the circumstances surrounding the transaction.

It was here proper to show that the railroad was not fenced and that no flagman was placed at the crossing where the child was injured.

The effect to be given to such evidence is another question upon which the trial judge will give proper instructions.

The judge did charge upon request of the defendant that the law did not require defendant to have gates or flagmen at Thirty-ninth street on the occasion that the child was injured, also that defendant was not required to blow a whistle or ring a bell, in fact, the court below charged every material request in favor of the defendant.

We cannot find any error on the admission or exclusion of evidence sufficient to warrant setting aside the verdict.

The only point which seems doubtful is upon the question of the amount of damages.

The child had already recovered damages to the amount of $10,000 so that the probability of the plaintiff ever being called upon for her support was very slight.

The rule seems to be well settled that as between the mother and child resort may be had to the child's property before the mother will be compelled by law to support the child. Cumming *v.* Brooklyn City Railroad, 109 N. Y. 95; 14 N. Y. State Rep. 788.

The jury therefore regarded the sum of $5,000 as the pecuniary loss the plaintiff has sustained by reason of the disability consequent upon the injuries to the child.

Although the action is called and is in form one for loss of service, yet the jury were authorized to consider the pecuniary loss sustained by the plaintiff by reason of the injury. They were not confined to the mere amount the child would be able to earn over and above the expense of her board, clothing and education, but could consider the extra care and expense that had been imposed upon the plaintiff through the fault of the defendant.

We cannot find in the amount of the verdict any evidence of passion or prejudice on the part of the jury.

Judgment affirmed, with costs.

BARNARD, P. J., concurs.