THOMAS OTIES, Respondent, *v.* THE COWLES ELECTRIC SMELTING COMPANY, Appellant.

*Supreme Court, Fifth Department, General Term, October 19, 1889.*

1. *Appeal. Fact.*—Whether a witness is qualified to testify as an expert, is usually a question of fact for the trial court, and not reviewable on appeal.

2. *Evidence. Expert.*—In an action for personal injuries, evidence is admissible to show what is a safe and proper mode of erecting and supporting an appliance.

3. *Same.*—In such action, the plaintiff, after proving the injury suffered from the negligence of the defendant, may be allowed to inquire of a medical witness, having knowledge of the case, as to the probable permanence of the injuries.

4. *Master and servant. Appliances.*—A master's duty to furnish safe and adequate appliances cannot be so delegated as to relieve him from its obligation, and no negligence of a fellow-servant in respect thereto can shield him from liability for its non-performance.

5. *Damages. Excessive.*—The verdict, under the facts and circumstances of the case, was held not to be excessive.

Appeal from a judgment entered on the verdict of a jury at the Niagara circuit, and from an order denying the defendant's motion for a new trial on the minutes of the court.

*L. Pentiss* and *A. K. Potter*, for appellant.

*W. C. Greene*, for respondent.

DWIGHT, J.—The plaintiff was in the employ of the defendant, as a laborer, engaged in the excavation of a raceway or hydraulic canal, in connection with the defendant's works at Lockport. He was injured by the fall of a derrick erected by the defendant for use in the same work. The plaintiff's allegation was that the derrick was improperly constructed and insufficiently supported. The proof was that it was supported by only three guys, and that one of them broke while

a weight was being lifted, which necessarily caused the mast to fall. Evidence was given of the character of the guys and the weight which each was capable of supporting if in perfect condition ; and some conflicting evidence was given as to whether the defect in the cable which gave way was patent or latent, as bearing upon the question of the defendant's negligence in not remedying the defect or substituting another cable for the defective one.

We do not regard the question of the character of the defect in the cable as important, on this review, for the reason that the verdict of the jury was amply supported, on this branch of the case, by evidence which tended to show a more radical defect in the construction of the machine than the use of an imperfect cable as one of the guys. That defect consisted in the employment of only three guys to support the mast, without a " stiff leg " or timber support, which the evidence shows may be used, in connection with guys, for the same purpose. The result was inevitable that if any one of the guys gave way to a strain exerted upon it the mast must fall; whereas if four guys had been used, the remaining three might, and if five had been used the remaining four must have continued to support it.

The question whether more than three guys were necessary for the safe and proper erection and support of the derrick was clearly presented by the evidence and we must assume, since the charge of the court is not contained in the case, was properly submitted to the jury. The verdict must therefore be regarded as conclusive upon the first of the two propositions which it is necessary for the plaintiff to establish, viz. : that the defendant was guilty of neglect of duty in respect to furnishing for the use of its employees safe and adequate machinery and appliances for the work in which they were engaged. The duty thus neglected was charged upon the defendant itself, and could be discharged only by actual performance. It could not be so delegated as to relieve the defendant from its obligation, and no negligence in

respect thereto of a fellow servant of the plaintiff could shield the defendant from liability for its neglect. Bushby *v.* R. R. Co., 107 N. Y. 374 ; Frank *v.* Otis, 15 N. Y. State Rep. 681, aff'd 113 N. Y. 654 ; and the cases cited.

The second question raised by the motion for a nonsuit relates to the defendant's allegation of contributory negligence on the part of the plaintiff. There seems to be no ground whatever upon which to base this objection to the recovery. The plaintiff was at work where he was put at work, and the jury was warranted in finding that he received no warning of the impending danger. The foreman under whom he was at work, and who operated the derrick, testified that every time he lifted a load he told " the men " to get out of the way ; but it is quite evident from his narrative that the order or warning was not addressed to, nor did it include the plaintiff. It seems to have been addressed to the men under the boom or on the side of the mast on which the boom with its load was being raised, and the foreman testified that in this case the mast " did not fall towards the boom but over sideways into the canal and the boom fell right down into its place." The plaintiff was struck down by the mast where he was at work within the excavation, in a direction at right angles, or more, to that in which the boom was hanging. The jury was entirely justified in finding that no warning was given to him, and that he was guilty of no contributory negligence.

Some objections were taken by the defendant to rulings upon questions of evidence, some of which have been obviated by the view which we have expressed on the question of the defendant's negligence, and none seem to have been well taken. It was competent to show by the evidence of experts what was a safe and proper mode of erecting and supporting the mast ; and the question whether a witness is qualified to testify as an expert is usually a question of fact for the trial court, and not reviewable on appeal. Slocovich *v.* Ins. Co., 108 N. Y. 56 ; and the cases cited.

The evidence of Dr. Clark, as to the probable permanence of the injuries sustained by the plaintiff, was strictly within the approval of Griswold *v.* R. R. Co., 23 N. Y. State Rep. 729. If the question objected to was liable to the criticism that it called for a fact and not for the opinion of the witness, the fault was cured by the answer made, which was strictly competent.

There were no other exceptions which require examination.

The verdict cannot be set aside on the ground that the damages were excessive. The injury was a very serious one. The plaintiff's face was crushed, and in the healing the lower jaw was rendered immovable to such an extent as to prevent the proper mastication and insalivation of his food, and thus to interfere with the nutrition of his system. One result of which was impaired action of his heart and lungs. The evidence tends to show that the man is a cripple and an invalid for life. The award of $8,000 damages was not an abuse of the discretion of the jury.

The judgment and order should be affirmed.

BARKER, P. J., and MACOMBER, J., concur.

---

### NOTE ON "MASTER'S DUTY AS TO APPLIANCES."

The duty of a master as to the selection of place, appliances and instruction, defined. Benedict *v.* Scheider, 38 N. Y. St. Rep. 201.

The master must furnish a reasonably safe and suitable machine. Rikel *v.* Ferguson, 25 N. Y. St. Rep. 950.

The rule as to safe appliances applies as well to rude and simple contrivances. Sneider *v.* Treichler, 30 N. Y. St. Rep. 959.

It is the duty of the master to furnish safe machinery. Hotis *v.* N. Y. C. & H. R. R. R. Co., 53 Hun, 634.

He is not liable for a defect of which he had no knowledge, where he exercised proper inspection. Id.

The duty of inspection varies according to the liability to wear out, and the risks of the servant when worn. Id.

Note on "Master's Duty as to Appliances."

The duty of inspection as bearing upon question of negligence was considered in this case.

The master is not liable for injuries, through a defect in a ladder constantly used by the servant at his work.   McGrath *v.* Walsh, 13 Daly, 210.

The circumstances, in this case were held not to warrant an inference of defendant's negligence in keeping the ladder in a safe condition for the use of employees.   Schoening *v.* K. I. Co., 59 Hun, 618.

The distinction between the place and appliance of work was defined in Butler *v.* Townsend, 126 N. Y. 105 ; reversing 57 Hun, 591.

The evidence, in this case, was held to be sufficient to send the case to the jury on a question of negligence.   Stewart *v.* N. Y. O. & W. R. R. Co., 54 Hun, 638.

An operative may assume, in case of dangerous material, that the workmen are experienced and careful and methods reasonably safe.   Id.

Powerful explosives should be handled with care proportionate to the possible injury.   Id.

The master must keep a reasonably safe platform for the use of the men in unloading cars on a trestle.   Selleck *v.* Langdon & Co., 55 Hun, 19.

Circumstances, under which the question of negligence in constructing and repairing the trestle work is for jury, stated.   Id.

The injury must be the usual consequence of the manner of construction or protection.   Id.

The receiver of a railroad, who operates it cannot absolve himself from liability for negligence in not keeping the track in good condition by showing lack of funds.   Graham *v.* Chapman, 58 Hun, 602.

The question whether the maintenance of a disused switch stand, with handles projecting and rails spiked, is negligence, is properly committed to jury.   Smith *v.* N. Y., N. H. & H. R. R. Co., 58 Super. 284.

As to when an employer is not liable to an employee, injured by the fall of an elevator because of its having no safety clutch on it, see Hausen *v.* Schneider, 58 Hun, 60.

The company must inspect the cars of another company used on its road, the same as its own.   Goodrich *v.* N. Y. C. & H. R. R. R. Co., 116 N. Y. 398.

The location of a cattle guard at a place where the cars are usually coupled, will authorize a finding of negligence.   Fredenburg *v.* N. C. R. Co., 114 N. Y. 582 ; aff'g 41 Hun, 640.

The company is not liable for a failure to inspect, or rectify, improper loading, by which a brake on the car is rendered useless.   Byrnes *v.* N. Y. L. E. & W. R. R. Co., 113 N. Y. 251.

That servants of the owner of freight loaded the car, does not affect the company's liability.   Id.

The simple fact that an accident has occurred, without any proof of negligent or unskillful construction or a failure to keep in repair, does not establish negligence.   DeVau *v.* Penn. & N. Y. C. &. R. R. Co., 130 N. Y. 632.

Note on "Master's Duty as to Appliances."

The duty of the master and the risk of the servant in business carried on by movement of large bodies, defined. McGovern *v.* C. V. R. R. Co., 123 N. Y. 280; reversing 53 Hun, 635.

In such case, it is the master's duty to exercise such care and adopt such precautions as will protect a servant from avoidable dangers. Id.

A master, who furnishes an elevator and equipments of the most approved kind and pattern, has it carefully inspected by himself and the regular inspector who furnished it, is not guilty of negligence, especially where the servant has same, and even better means and opportunities for ascertaining defects than himself. Hart *v.* Naumburg, 123 N. Y. 641 ; reversing 50 Hun, 392.

The evidence was held, in this case, sufficient to warrant submitting to the jury the question whether the defendant used reasonable care in providing suitable machinery, etc. Hanley *v.* B. C. Mfg. Co., 60 Hun, 581.

The master, who furnishes proper appliances, is not guilty of negligence in the non-performance of a duty which belongs to a servant, or his fellow-servants, to perform. Delaney *v.* Heartt, 57 Hun, 589.

If, by reasonable care, the master can protect his servants from risks, the omission of such protection is the fault of the master. Heavey *v.* H. R. W. P. & P. Co., 57 Hun, 339.

A lad cannot be expected to know the condition of tools intuitively, or as fully as his experienced master, and should be warned against such deterioration of them as endangers his safety. Id.

The omission of safety appliances upon a freight elevator which never carries passengers, and from which servants are excluded, does not establish negligence on the part of master. Kern *v.* D. & D. S. R. Co., 125 N. Y. 501.

He is not liable, where the appliances are adequate and so entirely safe that no prudence can anticipate any danger to the workmen. Id.

The master is bound to exercise all reasonable care to keep the machinery in repair. Fuchs *v.* S. Mfg. Co., 58 Hun, 611.

Where a machine or appliance, not absolutely dangerous, has been in daily use for a long time and proved adequate, safe and convenient, its use may be continued without imputation of negligence to the employer. Dingley *v.* S. K. Co., 58 Hun, 605.

As to when the fact that the person injured is a minor, does not affect the rule, see above cited case.

An error in judgment in making the selections of appliances by a fellow-servant does not make the master liable. McCampbell *v.* C. S. S. Co., 36 N. Y. St. Rep. 852.

Where the same procedure has been used for years without an accident, the appliances used will, as matter of law, be held reasonably safe and suitable. Id.

Instruction by a master to his servant is not required where the machinery is simple and the danger apparent. Id.

The master is liable for an injury to his servant, while acting in line of

duty, caused by a known defect in the appliances. Upton *v.* Bartlett, 59 Hun, 619.

The master's duty is discharged when he furnishes a machine which is reasonably safe and suitable. McGoldrick *v.* Metcalf, 37 N. Y. St. Rep. 611.

In an action for injuries caused through a defective implement, the servant must show that the master either knew, or ought to have known, the defects which caused the injury. Martin *v.* Cook, 60 Hun, 577; Klupp *v.* United Ice Lines, 60 Id. 586.

The happening of an accident is not sufficient proof of negligence. Id.

The master is not liable for the foreman's error of judgment. Id.

The master must exercise reasonable care in the manufacture and selection of appliances. Carlson *v.* P. B. Co., 55 Hun, 485.

He need not make minute examinations and tests to detect latent defects. Id.

Where an accident happens from the negligent manner in which a workman used the material, the master is liable. Hogan *v.* Henderson, 35 N. Y. St. Rep. 870.

If the servant commences the labor after a structure has been built and without knowledge of a defect, it simply relieves him from the charge of contributory negligence. Id.

In the absence of proof as to how long the material part of a machine has been lacking, the jury cannot infer negligence. Oehme *v.* Cook, 15 Daly, 381.

The duty of the master to furnish suitable appliances and employ competent employees, cannot be delegated to a servant so as to exonerate him from liability. Swenson *v.* M. I. Co., 15 Daly, 319.

The company must furnish safe cars and remedy any defects upon reasonable notice, or opportunity to be apprised of defects. Mahoney *v.* N. Y. C. & H. R. R. R. Co., 60 Hun, 586.

The master discharges his duty by furnishing to his servant a machine reasonably safe, suitable and in good repair. Kage *v.* Rob Roy Co., 51 Hun, 519.

The master is not liable for an injury from a boiler, which was purchased from reputable manufacturers and submitted to all the ordinary tests. Ballard *v.* Hitchcock Mfg. Co., 51 Hun, 188.

It is error to leave to the jury to determine what possible tests might or should have been applied, according to their own ideas. Id.

It is the master's duty to keep the appliance in order. Cregan *v.* Marston, 126 N. Y. 568.

As to when it is servant's duty to repair defects therein, see case above cited.

The master need furnish only such machinery and appliances as are reasonably safe and suitable. Beaudin *v.* C. V. R. R. Co., 60 Hun, 581.

The duty of the master as to tools and machinery is stated in Stringham *v.* Stewart, 111 N. Y. 188.

The continued use of an elevator, which has proved uniformly adequate for a long time, does not raise an implication of negligence.   Id.

The master must furnish an implement  reasonably safe of its kind, and adapted to the employment.   Jacobson *v.* Cornelius, 52 Hun, 377.

The duty of supplying proper machinery rests on the master, and cannot be delegated so as to shift the responsibility.   Cregan *v.* Marston, 32 N. Y. St. Rep. 913.

The fact that sound machinery could have been obtained, upon application, is not enough to relieve the master.   Id.

The master must furnish the servant with safe implements and place to work.   Clement *v.* Rankin K. Co., 50 Hun, 605.

The danger of the ·place must be shown in order to render him liable. Id.

The fact of an injury is not alone sufficient to create such liability. Id.

The risk, which relates to the safety of the place, and not to the character of the employment, is the master's and not the servant's risk. Freeman *v.* Glens F. P. M. Co., 61 Hun, 125.

Where the foreman assigns the servant to a dangerous place of labor, the negligence, if any, is the master's.   Id.

The master's duty as to tools and machinery is defined in Bailey *v.* Rome, W. & O. R. R. Co., 49 Hun, 377.

Reasonable care, and not the highest efficiency which skill and foresight can produce, is the measure of the master's liability.   Carlson *v.* Phœnix Bridge Co., 132 N. Y. 273.   He performs his whole duty by using as much care in the selection of materials for the use of his servants as a man of ordinary prudence in the same line of business would, acting with regard to his own safety, use in supplying similar things for himself, if he was doing the work.   Id.

A master, who puts a tool or implement into his servant's hands, may procure it in several ways.   Id.   He may buy it ready made of a dealer, procure it to be manufactured, or purchase the materials and manufacture it himself. Id.   The liability for an injury resulting from a defect in the materials of a tool will be determined by the same rule in each case.   Id. If a tool has been procured ready made in the market or manufactured at a foundry, the master would have necessarily been compelled to rely upon the dealer or manufacturer for the quality of the material used.   A completed tool ready for use can neither be cut into with a chisel, or bent over an anvil, without impairing its strength or perhaps destroying it altogether. Id.   Reasonable inspection is necessary and required.   But, when articles are manufactured by a process approved by use and experience and apparently properly finished and stamped, it is not usual for them to be tested again in quality, and such examinations are not generally required by law.   Id.   If materials of the best quality are purchased and tools constructed from them by competent and skillful workmen, and if there is nothing in the appearance of the material to indicate inefficiency, the master may properly place them in the hands of his servants.   Id.   He

must see that the work he undertakes to do is properly performed. But, if the tool breaks from an internal defect in the material, not apparent from an external examination of the material or in the process of making the tool, he is no more responsible than he would be if he had purchased it ready made in the market, or if it had broken from an external apparent defect produced by use, of which he was not chargeable with knowledge. Id.

## NOTE ON "EXCESSIVE DAMAGES."

A verdict for $10,000 held, in this case, to be excessive. Lockwood *v.* 23d St. R. R. Co., 15 Daly, 374.

A verdict, in part for ills not complained of, is excessive. Hansom *v.* Aikman, 53 Hun, 632.

In the following cases, the verdict was held not to be excessive. Akersloot *v.* S. A. R. Co., 56 Hun, 640; Buck *v.* Webb, 58 Id. 185; Volk *v.* Livingston, 56 Id. 648; Sellick *v.* Langdon, & Co., 57 Id. 627; Fowler *v.* B. & S. A. R. R. Co., Id. 623; Koetter *v.* Man. E. R. Co., Id. 623; Vredenburgh *v.* N. Y. C. & H. R. R. R. Co., 58 Id. 607; Wallace *v.* V. O. Co., 59 Id. 616; Allan *v.* S. S. S. Co., 55 Id. 611; Crate *v.* Decorah, 61 Id. 620; Webber *v.* Vincent, 55 Id. 512; Bartholomew *v.* P. & H. F. Co., Id. 605; Ehrman *v.* B. C. R. R. Co., 60 Id. 580; Oties *v.* Cowles E. S. Co., 54 Id. 635; Kennedy *v.* R. C. & B. R. R. Co., Id. 183; Crank *v.* 42d St. & St. N. Ave. R. R. Co., 53 Id. 425; Monjo *v.* Monjo, Id. 145; Montgomery *v.* Long, I. R. R. Co., Id. 633; Dalzell *v.* Long I. R. R. Co., Id. 633; Alliger *v.* Brooklyn Daily Eagle, Id. 633; Stouter *v.* Man. R. Co., Id. 634; Rosen *v.* Stein, 54 Id. 179; Chellis *v.* Chapman, 26 N. Y. St. Rep. 953; Cumming *v.* B. C. R. R. Co., 52 Hun, 613; Murtaugh *v.* N. Y. C. & H. R. R. Co., 23 N. Y. St. Rep. 636; Wooster *v.* W. N. Y. & P. R. R. Co., 61 Hun, 623; Bennett *v.* N. Y. C. & H. R. R. R. Co., Id. 623; Willetts *v.* N. Y. E. R. Co., Id. 626; Fitch *v.* B. & S. A. R. R. Co., 58 Supr. 575; Regester *v.* Edward B. Co., 39 N. Y. St. Rep. 138; Akersloot *v.* Second A. R. R. Co., 40 Id. 231; Jordan *v.* N. Y. & H. R. R. Co., 16 Daly, 130; Rich *v.* Meyer, 26 N. Y. St. Rep. 107; Germann *v.* S. R. T. Co., 37 Id. 360; Garoni *v.* Campagnie, etc., 39 Id. 63; Doyle *v.* Man. R. Co., 16 Daly, 506; Ryan *v.* Knickerbocker S. Co., 29 N. Y. St. Rep. 431; Wynn *v.* C. P. N. & E. R. R. Co., 38 Id. 181; Schapierer *v.* Third A. R. R. Co., 39 Id. 209; Fitton *v.* B. C. R. R. Co., 25 Id. 948; Scholl *v.* Schnebel, 29 Id. 676; Southcombe *v.* Armstrong, 28 Id. 753; Murray *v.* B. C. R. R. Co., 27 Id. 280.