JENNIE F. BRUMFIELD, Respondent *v.* WILLIAM H. HILL
*et al.*, Appellants.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

1. *Appeal. First instance.*—Where a notice of appeal from a judgment
states that the appellant intends to bring up for review the judgment,
and the order denying a motion for a new trial on the minutes, an
objection to the sufficiency of the notice as to the order is too late, if
raised for the first time on the hearing of the appeal.
2. *Witness. Credibility.*—The jury is at liberty to disbelieve the testi-
mony of an agent of a party, though uncontradicted, and the witness
unimpeached.
3. *Appeal. Verdict.*—To justify an appellate court in setting aside a ver-
dict as against the weight of evidence, there must be a preponderance
of evidence in favor of the appellant.

Appeal from a judgment entered upon a verdict of a jury
taken at the Onondaga circuit for $657 damages.

In the notice of appeal is the following language: " The
appellants intend to bring up for review upon such appeal
said judgment and order denying motion for a new trial on
the minutes."

*Tracy, McLennan & Ayling*, for appellants.

*Goodelle & Nottingham*, for respondent.

HARDIN, P. J.—It is insisted by the respondent that the
order denying defendant's motion for a new trial upon the
minutes cannot be reviewed upon this appeal from the judg-
ment.   We think the objection to the sufficiency of the notice
comes late.

In Boos *v.* World Mutual Life Insurance Co., 64 N. Y. 236, it was held that after a trial by a jury, " the only mode in which the facts can be brought before it for review is by appeal from order of special term or circuit granting or refusing a new trial." In that case there was only an appeal from a judgment, and the court observed, viz.: " The motion for a new trial is a proceeding subsequent to the trial, and the order made on such motion is reviewable only by appeal."

Section 1301 of the Code of Civil Procedure, provides that: " Where the appeal is from a final judgment * * * and the appellant intends to bring up, for review thereupon, an interlocutory judgment, or an intermediate order, he must, in the notice of appeal, distinctly specify the interlocutory judgment, or intermediate order, to be reviewed." Mr. Throop in his comment upon that section, says, that it is new in form, but that the substance of it was implied in the language of the Code of Procedure, § 330. In § 1316 of the Code of Civil Procedure, it is provided: " An appeal taken from a final judgment brings up for review an interlocutory judgment, or an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment; and which has not already been reviewed, upon a separate appeal therefrom, by the court, or the term of the court, to which the appeal from the final judgment is taken."

In the case before us it does not appear that the order has already been reviewed " upon a separate appeal therefrom ; " and the notice of appeal does specify the order denying a new trial made upon the minutes of the judge, and the appeal book contains such an order ; hence we are of the opinion that we should consider the order. Moorehead *v.* Holden, 7 Civil Pro. 190 ; Maas *v.* Ellis, 12 Id. 323. We assumed this to be the rule in Halsey, as Administratrix, *v.* R. W. & O. R. R. Co., 12 N. Y. State Rep. 319 ; Piper *v.* Van Buren, 27 Hun, 384, and also in Stowell *v.* Am. Co-op. R. Assn, 5 N. Y. Supplt. 233.

Section 1347 expressly authorizes an appeal from an order

" where it grants or refuses a new trial." When there is a notice of appeal from such an order, independent from any appeal from a judgment, undoubtedly the notice of appeal should be " a written notice to the effect that the appellants appeal from the \* \* \* order or from a part thereof," in accordance with the provisions found in § 1300 of the Code of Civil Procedure; and where the appeal is from a judgment and also from an order which grants or refuses a new trial, like language in the notice of appeal from the judgment might appropriately be inserted in the notice in respect to the order sought to be reviewed; however, at this stage of the case, we think we may consider the words inserted in the notice of appeal indicating an intention to bring up for review the order refusing a new trial made upon the judge's minutes as sufficient.

We have looked carefully through the evidence in this case and find that it was conflicting upon the pivotal question. If the plaintiff consented that the defendants' agent should take possession of the goods, box them and ship them to the defendants, as they were taken and shipped, she had no cause of action against the defendants. She gave evidence tending to support the assertion that she never consented to part with the possession or title to the goods in question. On the other hand, the defendants gave evidence tending to show that she was informed of the purpose of the agent of the defendant to take possession of the goods, and that she consented thereto and acquiesced in his packing up the goods, boxing them, shipping them, and that she did not forbid any acts of his in the premises, and that a demand of the goods was never made of the defendants. If we were at liberty to believe the testimony of the witness, Stone, given in behalf of the defendants in support of the facts we have just stated, as well as the others that appear favorable to the defendants, we should say unhesitatingly that the verdict was contrary to the truth upon the main questions of fact; however according to an annunciation of the court of appeals in Dean *v.*

Van Nostrand, 23 Week. Dig. 97, the jury were at liberty to believe or disbelieve the testimony of the witness, Stone. In the case just referred to, that court held that " The jury is at liberty to disbelieve the evidence of a party defendant or his managing agent, although uncontradicted and although the witness is not impeached."

In Bostwick *v.* Barlow, 14 Hun, 178, GILBERT, J., said : " We have no right, on this appeal, to reverse the judgment because the evidence is insufficient to sustain the verdict. There is some evidence on all the questions of fact, and the jury have found that it is sufficient. That is conclusive. To reverse upon the facts, when the trial was by jury, there must be an absence of any evidence to sustain the verdict." He cited, in support of his language, Godfrey *v.* Moser, 66 N. Y. 252 ; and the language used by the court in that case was as follows, in respect to the verdict of the jury ; it was said : " The right of reviewing the facts is not conferred, and to reverse upon the facts, there must be an absence of any evidence to sustain the verdict."

The rule was adverted to and adhered to in Cross *v.* Mowers, 16 N. Y. State Rep. 425 ; and it was again asserted in Chase and another, as Executors *v.* Belden, 16 N. Y. State Rep. 528 ; and it was there said that " to justify an appellate court in setting aside the verdict as against the weight of the evidence, there must be a preponderance of the evidence in favor of the appellant." See Baird *v.* Mayor, 96 N. Y. 567. now if we assume that the jury disbelieved, as we have seen they were authorized to under the rule of law which we have quoted, the testimony of the witness Stone, we do not find such a preponderance of evidence as, under the rule quoted from the cases already cited, authorizes an interference with the verdict.

While there are some circumstances disclosed in the testimony which would warrant us in saying that the position of the plaintiff was presumptuous if not preposterous, we are called upon to weigh those circumstances in connection with

the whole evidence, and while doing so, we must bear in mind that some of the facts and circumstances relied upon by the plaintiff would warrant a reasonable mind in coming to the conclusion that her testimony was truthful when she says that she never gave her assent to part with the possession or the title to the goods in question.

After a careful deliberation upon all the evidence in the case, we are constrained to allow the verdict to stand. The trial judge submitted the question of fact cautiously and deliberately to the jury. We have looked at his rulings during the trial, and the exceptions taken thereto, and we are of the opinion that the exceptions are unavailing to the appellants. As to the ruling allowing an inventory of goods to be put in evidence, we think Howard *v.* McDonough, 77 N. Y. 592, upholds it.

We must, therefore, allow the verdict, order and judgment to stand.

Judgment and order affirmed, with costs.

MARTIN and MERWIN, JJ. concur.

NOTE ON "QUESTIONS RAISED IN THE FIRST INSTANCE ON APPEAL."

An objection, which can be obviated, if not taken at the trial, cannot be raised on the appeal. Schrader *v.* M. M. P. Union; Sasse *v.* Same, 55 Hun, 608.

Objections, not raised on the trial, cannot be urged upon the appeal. Wells *v.* W. D. M. Ass'n, 120 N. Y. 630.

An objection, which may have been taken on the trial, cannot be raised for the first time on appeal. People *v.* Smith, 121 N. Y. 578; Murray *v.* Usher, 117 Id. 542; Knickerbocker *v.* Gould, 115 Id. 533; Wasson *v.* Pettit, 26 N. Y. St. Rep. 919; Fowler *v.* Bowery Sav. B'k, 113 N. Y. 450; Rogers *v.* Rogers, 111 Id. 228; N. Y. C. & H. R. R. R. Co. *v.* Rochester, 127 Id. 591; Matter of Holmes, 59 Hun, 369; Feiber *v.* Lester, Id. 624; Drexel *v.* St. Amant, 37 N. Y. St. Rep. 166; Matter of Union E. R. Co., 55 Hun, 611; Schrader *v.* Musical M. P. Union, Id. 608; Flanagan *v.* N. Y., N. H. & H. R. R. Co., Id. 611; Brumfield *v.* Hill, 54 Id. 638; Torrey *v.* Willard, 55 Id. 73; Matter of Feust, Id. 607; Hastings *v.* N. Y., O. & W. R. R. Co., 53 Id. 638; Moore *v.* Higgins, Id. 629; Larrison *v.* Payne, 52 Id. 612; Matter of Palmer, Id. 612; Davis S. M. Co. *v.* Best, 51 Id. 76; Matter of Marine, Id.

643; Rancher v. Cronk, 50 Id. 602; Post v. West Shore R. R. Co., Id. 301; Matter of Liddington, 51 Id. 638; Ford v. Hebberd, 19 N. Y. St. Rep. 332; Griffin v. Todd, 60 Hun, 579; Shepard v. N. Y. E. R. Co., Id. 584; Gibbons v. Phœnix, 61 Id. 619; Foggan v. L. S. & M. R. R. Co., Id. 623; Miller v. Union S. & S. Co., 58 Supr. 85; N. Y. L. Ins. Co. v. Aitken, Id. 586; Aitkinson v. Truesdell, 57 Id. 226; People ex rel. Clason v. Cady, 56 Id. 180; Senft v. Man. R. Co., 39 N. Y. St. Rep. 356; Elwell v. Faber, 37 Id. 352; Niebuhr v. Schreyer, Id. 495; Goedecke v. Schwerin, 39 Id. 69; Nesbit v. Bendheim, Id. 109; Kilpatrick v. Dean, 19 Id. 837; Matter of Zinc, Id. 479; Strong v. Jenkins, 39 Id. 409; Thorp v. Riley, 57 Supr. 589; Hussner v. B. C. R. R. Co., 114 N. Y. 433.

An appellant is concluded on a point not raised in any way on the trial. Purton v. Watson, 19 N. Y. St. Rep. 6.

An exception to the admission of evidence on a reference of a disputed claim, though not presented at the special, can be raised at the general term. Finton v. Eggleston, 61 Hun, 246.

The competency of evidence, unobjected to, cannot be raised on the appeal. Cousins v. T. A. R. R. Co., 53 Hun, 634.

An improper answer to a question cannot be objected to for the first time upon the appeal. Larrison v. Payne ; Matter of Palmer, 52 Hun, 612.

A question not raised in the court below, cannot be presented for the first time on appeal to the court of appeals. Post v. Man. R. Co., 125 N. Y. 697.

An objection that the answer is defective is unavailing upon the appeal, if a defense is proved without objection on the trial. Fowler v. Bowery Sav. Bank, 113 N. Y. 450.

When the question as to the merits cannot be raised on the appeal. Jacobson v. Cornelius, 52 Hun, 377.

No question of law, not raised in the trial court, can be presented on appeal to the court of appeals. Spickerman v. McChesney, 111 N. Y. 686.

An objection of variance, not made at the trial, is not available on the appeal. Tallman v. Earle, 37 N. Y. St. Rep. 271.

Where an action has been tried and decided as an action at law, it cannot, on appeal, be turned into an action in equity. Abbey v. Ferris, 56 Hun, 642.

An error in the charge cannot be raised for the first time on the appeal. Broyer v. Ritter, 34 N. Y. St. Rep. 688.

An objection, not made to a known irregularity before, cannot be raised after the rendition of the verdict. Lippus v. C. W. Co., 59 Hun, 623.

Where the title was assumed to be in the plaintiff, and no question was raised, on the trial, nor any motion made to dismiss, on the ground that plaintiff failed to establish title to the land in question, and defendant preferred no request to find facts, the objection that plaintiff did not establish a paper title, or any except such as is presumed from possession, cannot be raised on appeal. N. Y. C. & H. R. R. R. Co, v. City of Rochester, 127 N. Y. 591.

An appellate court will not entertain a claim, not made upon the trial for the purpose of reversing the judgment.   Quimby *v.* Carhart, 58 Super, 490.

Objections to an order to show cause, based on alleged technicalities and irregularities in the nature of preliminary objections, cannot be first raised upon appeal.   Cass *v.* Cass, 61 Hun, 460.

A point not taken on the trial, and as to which no request for instructions was made or exceptions taken, cannot be considered on appeal.   Brown *v.* Wakeman, 45 N. Y. St. Rep. 671.

An objection to the admission of evidence on the ground that it was in the nature of an offer to compromise cannot be raised for the first time on appeal.   Cudd *v.* Jones, 63 Hun, 142.

Though the question of the competency of evidence, under § 829 of the Code, was not raised upon a motion for a new trial at the special term, yet, where the testimony has been duly objected to upon the trial and an exception taken, the objection is available at the general term.   Finton *v.* Eggelston, 61 Hun, 246.

Where a witness in answer to a proper question, which is objected to, gives testimony not called for by it, which is incompetent, but no objection is made to the answer, or motion to strike it out, it cannot be objected to for the first time upon review.   Larrison *v.* Payne, 52 Hun, 612; Crippen *v.* Morss, 49 N. Y. 63.