Peter Boos, Respondent, v. The World Mutual Life Insurance Company, Appellant.

In an action upon a policy of life insurance the defence was the falsity of various answers to questions in the application which were, by the terms of the policy, made warranties. After the defendant's counsel had, upon the trial, specified certain answers which he claimed to be false, on motion to dismiss, in exceptions to the submission of questions to the jury and in requests to charge, he requested the court to charge that upon the policy and the evidence the plaintiff could not recover any thing beyond the amount of the last premium. *Held*, that the general objection did not entitle defendant to raise on appeal points as to the falsity of answers which were not specified, and as to which no question of law was raised and passed upon on the trial.

In answer to a question as to whether he had had, during the last seven years, any severe sickness or disease, the insured answered "No." The policy was issued in 1870. Evidence was given showing that in 1865, the insured had an attack of pneumonia which lasted ten days, during which he was attended by a physician. Plaintiff's witnesses testified that during this time he was a strong, healthy man. One witness, not shown to be competent to speak as to the nature of the illness, testified that plaintiff had sunstroke in 1863, or 1865. *Held*, that the court was not bound to decide, as matter of law, that either was "a severe sickness or disease" within the meaning of the question, and that the question of a breach of warranty was one of fact for the jury.

A General Term has no power to review a case upon the facts on appeal from the judgment where the trial was by jury; the only mode in which the facts can be brought before it for review is by appeal from order of Special Term or Circuit granting or refusing a new trial.

(Argued February 9, 1876; decided February 22, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 4 Hun, 133.)

This was an action upon a policy of life insurance, issued by defendant in March, 1870, on the life of Valentine Boos, plaintiff's assignor, and also to recover a payment of premium made after the death of the insured.

Boos died abroad. Plaintiff paid the last premium after his death, the company promising to pay it back if he was dead. The defence was breaches of warranty.

It was stated in the policy that it was issued on the condition that the statements and declarations of the insured, in his application, were in all respects true, without the suppression of any facts relating to the health or circumstances of the insured. In the application, the question was asked as to the employment of the insured; the answer was "gardener." He was asked as to whether he had certain diseases, pneumonia and sunstroke were not enumerated. He was asked whether he had had, during the last seven years, any severe sickness or disease. The answer was "No." In answer to the question as to whether the insured had employed or consulted individually, any physician, the answer was "No; my family physician is Dr. Hertzog, Newark; only for a cold."

Evidence was given, on the part of defendant, to the effect that in May, 1865, the insured had pneumonia, and was treated by Dr. Kuchler; was sick about ten days. A sister of plaintiff testified that the insured had a sunstroke in 1863, or 1865; was sick eight or ten days. Several of plaintiff's witnesses testified in substance that from 1863 to 1870, the insured was a strong, healthy man, doing severe manual labor, such as carrying castings and iron in a foundry, digging cellars, tending mason, etc.

At the close of the testimony, defendant's counsel moved for a dismissal of the complaint upon the ground that a breach of warranty had been shown in the answers to the questions as to whether the insured had had any of the diseases speci-

fied, and also because it was uncontradicted he had pneumonia in 1865, and had sunstroke within seven years. The motion was denied and defendant's counsel duly excepted.

The court charged, among other things, that if any of the answers to the questions in the application were false, whether the insured knew it or not, plaintiff could not recover. The court then referred to the answers to the questions as to certain specified diseases, as to his having any severe sickness or disease, and as to the physician employed.

Defendant's counsel excepted to the submission to the jury of the question of the falsity of the answers in regard to previous sickness. Said counsel requested the court to charge that in 1865 the insured had an attack of pneumonia which lasted ten days, during which he was attended by Dr. Kuchler. The court charged that if the jury found so, and that it was a serious disease, it voided the policy. To the refusal to charge, and to the modification as charged, said counsel excepted. After various other requests, he further requested the court to charge that, upon the evidence, plaintiff could not recover for any thing beyond the amount of the last premium paid with interest. The court refused so to charge, and said counsel duly excepted.

A further request was made to charge that if the insured had sunstroke within seven years, that fact should have been disclosed to defendant. The court answered: " Yes, if the jury find it a serious or severe sickness or disease, or fairly covered by any question or answer in the application." To the refusal to charge, as requested, and to the charge, as made, said counsel excepted.

The jury found a verdict in favor of plaintiff, for the amount of the policy and the last premium.

*Joshua M. Van Cott* for the appellant. The statements in the application for insurance were warranties, (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y., 136; *Snow* v. *Col. Ins. Co.*, 48 id., 627; *Higbie* v. *Guard. Mut. Ins. Co.*, 53 id., 603; *Pierce* v. *Emp. Ins. Co.*, 62 Barb., 636; *First Nat. Bk.* v. *Ins. Co.*

*No. Am.*, 50 N. Y., 45 ; *Anderson* v. *Fitzgerald*, 4 H. L. Cas., 484 ; *Jeffries* v. *Economical M. L. Ins. Co.*, MS. Op. U. S. S. Court ; *Smith* v. *Ætna Life Ins Co.*, 47 N. Y., 211.) The false answer respecting the medical attendant of the insured avoided the policy. (*Gibson* v. *Am. Mut. L. Ins. Co.*, 37 N. Y., 580 ; *Smith* v. *Ætna L. Ins. Co.*, 49 id., 215 ; *Monk* v. *Un. Mut. L. Ins. Co.*, 6 Robt., 455 ; *Brit. Eq.* v. *G. W. R. Co.*, 3 Big. L. Ins. Cas., 264 ; *Price* v. *Phœnix M. Ins. Co.*, id., 642, 643 ; *Huckman* v. *Fernie*, 3 M. & W., 505 ; *Everett* v. *Desborough*, 5 Bing., 503 ; *Morrison* v. *Muspratt*, 4 id., 60.) The insured was guilty of intentional misrepresentations, which avoided the policy, and it was the duty of the court to direct a verdict for only the overpaid premium. (*Matthews* v. *Coe*, 49 N. Y., 60 ; *Mason* v. *Lord*, 40 id., 476 ; 47 id., 566 ; *Lomre* v. *Meeker*, 25 id., 361 ; *Ryder* v. *Wombwell*, L. R., 4 Exch., 38, 39.)

*John H. Bergen* for the respondent. The finding of the jury upon the question whether the questions specified were falsely answered was conclusive. (*Fireman's Ins. Co.* v. *Waldron*, 12 J. R., 513 ; *Gates* v. *Mad. Co. Mut. Ins. Co.*, 2 N. Y., 43 ; *Nelson* v. *People*, 23 id., 298 ; *Carpenter Co.* v. *Hayward*, 1 Doug., 374 ; 1 Phil. Ev. [10th ed.], 4.) The only matters available to defendant as a defence, were those specifically set up in the answer. (*Valton* v. *Nat. Ins. Co.*, 20 N. Y., 36.)

Rapallo, J.   Two of the points upon which the appellant relies on this appeal, viz., the falsity of the statement of the assured, that his occupation was that of a gardener, and the falsity of the statement that Dr. Hertzog was his family physician, do not appear to have been taken at the trial.

The motion to dismiss the complaint was based upon two grounds only, viz., that a breach of warranty had been shown in the answers to the questions as to whether the assured had had any of the diseases, etc., mentioned in the questions ; also that the evidence was uncontradicted as to his having had

pneumonia and sunstroke. No allusion was made to the statements respecting the occupation of the assured, or who was his family physician.

The judge charged the jury that if any of the answers made by the assured, to the questions contained in the application, were false, whether the assured knew them to be so or not, the policy was dead; and he enumerated and read to the jury the answers which were claimed by the defendant to be false. In making this enumeration he omitted any reference to the answer as to the occupation of the assured; but no objection was made by the defendant's counsel to such omission; nor was any request made that any thing be submitted to the jury on that point. The judge did embrace in the enumeration the answer as to the family physician; but no exception was taken to the submission of that question to the jury, although exception was taken to the submission to them of the question of the falsity of the answers in regard to the previous sickness of the assured and to various parts of the charge in reference to his illness, diseases, etc.

At the close of the case, after numerous requests to charge and exceptions, the defendant requested the court to charge that, upon the policy and the evidence the plaintiff could not recover any thing beyond the amount of the last premium paid, with interest; and the defendant now claims that this general request was sufficient to raise the two points now under consideration. We think not. Rulings tending to the same result had been asked for on various points which were specified. After these rulings had been refused, the defendant could not, by this general request, entitle itself to raise on appeal points which had not been specified, and which, if the attention of the court had been called to them, might have been met by further proof on the part of the plaintiff. In no part of the trial were any questions of law relating to these two answers specifically raised or passed upon, and it is too late to raise them here for the first time.

The next point taken on this appeal is, in substance, that the judge erred in submitting to the jury the question

whether there had been a breach of warranty in respect to the previous illness of the assured. It is claimed that the proof was uncontradicted that he had had pneumonia, in 1865, which lasted ten days, during which he was attended by a physician, and that he had sunstroke in 1863, or 1865 ; and the defendant's counsel contends that this was conclusive proof of the falsity of his answer to the question whether he had during the last seven years had any severe sickness or disease. The policy was issued in March, 1870.

We think that the judge was not bound to determine, as matter of law, that these were severe sickness or diseases within the meaning of the question propounded by the company. They were not among the diseases enumerated in the interrogatories contained in the application ; and we think that whether they were severe, within the meaning of the question, was matter of fact which was properly left to the jury. As to the sunstroke there was no medical testimony, but only that of a sister of the plaintiff, who said that the deceased had a sunstroke in 1863 or 1865, and was sick then eight or ten days. She was not shown to be competent to judge even whether it was in fact a sunstroke, and certainly the judge was not required to decide, as matter of fact, that it occurred within seven years before the date of the application, which was March 27, 1870, the witness stating only that it was in 1863 or 1865. As to the pneumonia, the evidence was that it lasted ten days, during which the deceased was attended by a physician ; and the judge was in various forms requested to decide that this constituted a breach of warranty, which he declined to do. These requests not only required the judge to find, as matter of fact, that the illness testified to by the physician, was severe, but also to disregard the testimony of various witnesses who testified to the condition of the health of the assured during the period in which the illness was located, and to his being a sound, healthy man, performing work requiring considerable strength. The judge left the question to the jury, and in so doing we think he committed no error.

It is further urged that the General Term erred in holding that they could not set aside the verdict as against the weight of the evidence — the appeal being from the judgment only. In this the General Term was clearly right ; an appeal from the judgment, when the trial is by jury, brings up questions of law only. (Code, § 348.) A motion for a new trial on the evidence can only be made at the Circuit or Special Term. (Id., § 265.) And from the order granting or refusing such new trial, an appeal may be taken to the General Term. (Id., § 349.) This is the only mode in which the General Term can acquire jurisdiction to review a case upon the facts, when the trial is by jury.

In the present case there does not appear to have been any appeal from an order refusing a new trial, but only an appeal from the judgment. The case states that after the verdict was rendered, the defendant moved for a new trial, on the judge's minutes, and that the motion was denied, and. an exception taken. But such an exception is not available for any purpose. On trials by jury the only subjects for exceptions are rulings at the trial. The motion for a new trial is a proceeding subsequent to the trial, and the order made on such motion is reviewable only by appeal.

· The judgment must be affirmed.

All concur.

Judgment affirmed.