14  177<br>8ap123

GEORGE D. BOSTWICK, RESPONDENT, v. EDWARD BARLOW AND OTHERS, APPELLANTS.

*Commissioners of highways — liability of, as to repairs — notice of defect, not necessary to charge him.*

The statute (1 R. S., 501, § 1), requiring commissioners of highways to keep the bridges and highways in repair, imposes upon them the duty of active oversight and constant vigilance, and requires them to exercise a reasonable degree of watchfulness in ascertaining, from time to time, the condition of the highways and bridges, and in preventing them from becoming dilapidated or dangerous.

The mere fact that they have not been notified of the existence of a defect, does not necessarily relieve them from liability to one who has been injured by reason of their failure to discover and repair the same.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought against the defendants, commissioners of highways of the town of La Grange, to recover damages for an injury to plaintiff's horse, occasioned by the defective con-

dition of a bridge in said town. The defendants claimed, among other things, that they had no notice of any defect in the bridge until the accident, and that it was then put in thorough order.

*C. Wheaton*, for the appellants. Notice actual, or circumstances that are equivalent to it must be clearly proved before negligence, which is the gist of the action, can be claimed. (*Robinson* v. *Chamberlain*, 34 N. Y., 389; *Hover* v. *Barkhoff*, 44 N. Y., 113.)

*Daniel W. Guernsey*, for the respondent. It is a well settled principle that whenever an individual has sustained an injury by act of omission or commission by a public officer, contrary to his duty, an action may be maintained by the individual against such officer (*Adsit* v. *Brady*, 4 Hill, 630; *Hutson* v. *the Mayor, etc.*, 9 N. Y., 169; *Robinson* v. *Chamberlain*, 34 N. Y., 389; *Bartlett* v. *Crozier*, 15 John's, 250; *Fulton Fire Ins. Co.* v. *Baldwin*, 37 N. Y., 648; Sherman & Redfield on Negligence, p. 198; Dillon on Municipal Corporations, vol. 2, § 691; *Bassett* v. *Fish*, et al., 19 N. Y. Supreme Court, [12 Hun,] 209; *McCarthy* v. *the City of Syracuse*, 46 N. Y., 194; *Clark* v. *Miller*, 54 N. Y., 582; *Hover* v. *Barkhoff*, 44 N. Y., 113; *Lament* v. *Haight*, et al., 44 How. 1.) Actual notice to the commissioners of the unsafe character of the bridge was not necessary. (*Hover* v. *Barkhoff*, 44 N. Y., 113; *McCarthy* v. *City of Syracuse, supra*; *Barton* v. *City of Syracuse*, 36 N. Y., 54.)

GILBERT, J. :

We have no right on this appeal to reverse the judgment, because the evidence is insufficient to sustain the verdict. There is some evidence on all the questions of fact, and the jury have found that it is sufficient. That is conclusive. To reverse upon the facts when the trial was by jury, there must be an absence of any evidence to sustain the verdict. (*Godfrey* v. *Moser*, 66 N. Y., 252.) A review of questions of fact, can be had only on an appeal from an order denying a new trial. An appeal from the judgment brings up only questions of law.

(*Boos* v. *World Ins. Co.*, 64 N. Y., 236.) But if the evidence were before us for review, we should hold it to be sufficient to prove that the loss of the horse is attributable to the accident produced by the defective condition of the bridge. One or two persons who saw the horse being driven on the road, immediately before the accident, testified that he lagged a little, but with that exception the evidence shows that he was in perfect health at the time of the accident, that he was injured severely thereby, and that he died in a few hours thereafter. It was clearly the duty of the jury to find in favor of the plaintiff on this point. There is not the slightest ground, that I can discover, for imputing negligence to the plaintiff. Nor do I perceive any ground for interference with the amount of damages allowed. The only question in the case is whether the allegation of a neglect of duty on the part of the defendants was proved.

The statute required the defendants to cause the highways and bridges over streams intersecting highways to be kept in repair (1 R. S. 501 § 1). That clearly imposed upon them the duty of active oversight and constant vigilance. Their duty is not discharged by waiting to be notified that a highway or bridge is out of repair, and by repairing it after their attention has been called to the damage occasioned by its having become dilapidated, but the duty involves the exercise of a reasonable degree of watchfulness in ascertaining the condition of the highways and bridges, from time to time, and of preventing them from becoming dilapidated or dangerous. Absence of notice, therefore, does not necessarily absolve such officers from liability for negligence. Notice would be very pertinent evidence to substantiate the charge of negligence against them; but their liability may be established without such notice, for there may be cases where their ignorance of the condition of a highway or bridge would, of itself, prove a neglect of duty on their part. In short, negligence may be predicated of an omission to perform a duty which enjoins personal supervision and care, as well as of an improper performance of such duty. (*Hover* v. *Barkhoof*, 44 N. Y., 113; *McCarthy* v. *City of Syracuse*, 46 id., 194–197, and cases cited.)

In the case before us evidence was given that the bridge in question had been unsafe for several months, and that its unsafe

condition was apparent to travelers upon the highway of which it formed a part. It was a reasonable inference from the testimony of the defendants themselves, that neither of them examined the bridge during that period. The commissioners divided the town into three districts, and committed each district to the special care of a single commissioner. The defendant, Barlow, had the care of the highways and bridges in the district in which the bridge in question was situated. The accident occurred in June, 1876. Mr. Barlow testified that he was notified in September, 1875, that the bridge was out of repair, and that he then had it "fixed;" and that between that time and the accident he did not cross the bridge. The other defendants testified to no act tending to show that they exercised any oversight or care of the highways or bridges in this district. On the contrary it is a legitimate inference from their testimony, that they paid no attention whatever to them.

The judge instructed the jury that the defendants were liable if they had actual notice of the unsafe condition of the bridge, or if the omission to repair it had been so long continued as to convince the jury that the defendants had been negligent. That instruction is within the principle stated. There was some, but not very satisfactory evidence of actual notice to one of the defendants. We think that a recovery ought not to be sustained upon that ground. But inasmuch as the commissioners had sufficient funds for that purpose, it was their duty to remedy the unsafe condition of the bridge, and their remaining ignorant, for so long a period, of the dangerous condition of the bridge, if in fact they did remain ignorant of it, did not exempt them from responsibility, but on the contrary is evidence of a neglect of duty which makes them liable for the consequences.

The judgment must be affirmed with costs.

DYKMAN, J., concurred: BARNARD, P. J., not sitting.

Judgment affirmed with costs.