Brady, J.
This is an appeal from a judgment only, no motion for a new trial having been made. The charge of the judge is not set out in the record, but it appears that when the testimony was closed the plaintiffs’ counsel asked the learned judge presiding to sustain an objection that he took in the first instance ,in regard to the counter claim; to which the court responded: <£I will submit the question to the jury.” The plaintiffs’ counsel then asked that a verdict be directed for the plaintiffs; whereupon the court responded: ££I will submit the whole matter to the jury.” '
The defendants on this appeal present two questions and two questions only. One is that the account sued upon as an account stated was not intended to be, and was not, an account stated between the parties. The other is that evidence of what occurred between the attorneys for the plaintiffs and one of the defendants pending the negotiations for a settlement was incompetent, and the motion to strike out the testimony should have been granted.
Upon an appeal from the judgment alone exceptions only are to lie considered. Newton v. Yale, 15 Week. Dig., 33; Wagner v. Jones, 7 Daly, 376; Bennett v. Hedges, 64 Barb., 412; Rogers v. King, 66 id., 495, and the verdict upon the facts seems to be conclusive. Boos v. World Ins. Co., 4 *140 Hun, 133; affirmed, 64 N. Y., 236; Godfrey v. Moser, 66 id., 250; Willis v. Weaver, 58 id., 681.
In regard to the first question, namely, whether there was an account stated, there seems to be no room for doubt that the testimony fully established the fact that there was. The action was brought to recover the sum agreed upon as the amount due after an exhibition of the plaintiff’s account to the defendants and a suggestion as to a sum which should be deducted from it, and which was acceded to; and although there were negotiations for the purpose of inducing the plaintiffs to receive the acceptances of the defendants, for the amount thus agreed upon without security, nevertheless, prior to the commencement of this action, when a. counter-claim was interposed, there was no contention that the sum referred to was not due. The effort of the plaintiffs was to obtain some security for the payment of the amount agreed upon, and that of the defendants to persuade the plaintiffs, through their representatives here, to. accept such security as they desired to furnish. This was the distinguishing characteristic of the negotiations between the parties prior to the interview with Hr. Hinrichs, whose testimony was objected to, as well as that of his partner, Hr. Reynolds, upon the proposition that what they said and what occurred in the presence of each of them, was in reference to negotiations for a settlement—that there were disputed items which were not disposed of—but which, according to the testimony given on behalf of the plaintiffs, is a view that cannot be sustained.
The testimony of Mr. Reynolds is as to what occurred in the call upon the 'defendants for thé purpose of procuring the payment of, or security for, the claim. The interview between Mr. Hinrichs and them was for the same purpose and to the same purport. The amount was not disputed in the interview with Mr. Hinrichs, and that element of the case appears as a distinct fact; and the admission of distinct facts during a negotiation for a settlement is always competent evidence against the party admitting them. This rule was established by the case of Bartlett v. Tarbox, to be found in the New York Court of Appeals Decisions (vol. 1, p. 120), where it was decided that the admission of •a party that an account examined by him was correct was admissible in evidence against him, although made during a negotiation for settlement and coupled with an offer to. allow the account on a condition. That case, it would seem, covers the best proposition that could be eliminated from the evidence on behalf of the defendants, which is that the amount was admitted upon condition that the acceptances offered but rejected should be accepted and without security.
*141 Our attention has been called to no other exception in the case, and we see no reason, under the appeal as presented, why the judgment should be interfered with. It must accordingly be affirmed, with costs.
Daniels, J., concurs.