AVERILL *et al. v.* HURD *et al.*

(*Supreme Court, General Term, Third Department.*   July 2, 1888.)

1. APPEAL—REVIEW—QUESTIONS OF FACT.
    Since Code Civil Proc. N. Y. § 992, forbids exceptions to rulings upon questions of fact, the general term will not review questions of fact unless the case shows that it contains all the evidence given on the trial, which must affirmatively appear, as the court will not assume that all the material evidence is included.

2. EVIDENCE—LETTERS OF PARTIES—ADMISSIBILITY.
    Exceptions to the admission of letters of the parties will not be sustained on the sole objection that they were immaterial, when they relate to the matters in controversy, being generally requests by plaintiff for payment, and reasons assigned by defendant for non-payment.

Appeal from judgment on report of referee.

Appeal by John Hurd and others from a verdict and judgment in favor of the plaintiffs, James Averill and others.   Code Civil Proc. N. Y. § 992, provides that "an exception may be taken to the ruling of the court or of a referee upon a question of law arising upon the trial of an issue of fact; except as prescribed in section 1180," which relates to challenging of jurors, "an exception cannot be taken to a ruling upon a question of fact."   Section 997 provides for an appeal from a judgment rendered after a trial of an issue of fact, and requires the appellant to make and settle a case containing so much of the evidence, and other proceedings on the trial, as is material to the questions to be raised.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*L. B. Bunnell,* for appellants.   *S. Alonzo Kellogg,* for respondents.

LEARNED, P. J.   The first point made by defendants is that the judgment should be reversed, because it is manifestly unjust.   This probably means that the referee's report is contrary to the evidence.   The case does not show that it contains all the evidence, or all the evidence bearing on the questions of fact.   Since the decision in *Porter* v. *Smith,* 35 Hun, 118, affirmed 107 N. Y. 531, 14 N. E. Rep. 446, we must consider it settled that, by the practice under the present Code, (section 992,) we are not called upon to review questions of fact unless the case shows that it contains all the evidence given on the trial.   Whether, in this case, we have before us all the material evidence does not appear; and yet we are asked by the defendants to review the testimony, and reverse on the facts.   We think it is best to adhere to the rule above stated, which has the sanction of the court of appeals.   It is evidently right that, when a review of the testimony and a reversal on the facts is asked, the appellate court should have before it all the material testimony on which

the case was decided. In *Perkins* v. *Hill*, 56 N. Y. 87, the court of appeals held that the general term should assume that the case contained all the material evidence. But that doctrine is overruled in *Porter* v. *Smith*, *ut supra*, and the contrary is established, on the ground that section 992 of the present Code has changed the situation.

The only exceptions in this case are to the admission of certain letters between the parties, and the ground stated is that they were immaterial. It is not suggested that they were not proved, or that they had not been sent and received. They are letters respecting the matters in controversy. Some are letters written by defendants. Some are plaintiffs' letters, with the defendants' replies thereto. No reason is given why they should have been excluded, except that they were immaterial. They are generally requests by plaintiffs for payment, and reasons assigned by defendants for non-payment. We see nothing improper in their admission; and, indeed, the defendants' objection in their point is so general that we think they cannot have relied much thereon. Evidently, the defendants' principal reliance was on a review of the whole testimony, and a reversal on the facts. As to this, we have already stated the difficulty. Judgment affirmed, with costs.

LANDON and INGALLS, JJ., concur.