EDWARD J. DAVIS, RESPONDENT, *v.* WARREN G. WILLIS, APPELLANT.

*Oral agreement rescinding, after default, a contract under seal to convey land.*

The owner of certain premises having, by contract under seal, agreed to sell them, gave possession thereof to the contract purchaser, who, while in possession of the premises, assigned the contract to a third party. Previous, however, to such assignment, being in default on his contract, he had agreed with his vendor to regard the contract as rescinded and void.

In an action, brought by the party to whom the contract was assigned, to recover the damages resulting from the alleged conversion by the vendor of the land of certain hay which had grown thereon during the time of the existence of the contract:

*Held*, that if the minds of the vendor and purchaser met upon a parol agreement to abandon and declare the contract void, such an agreement was valid and operated at that time to rescind the contract.

That, upon the trial of the action between the vendor of the land and the assignee of the contract in regard to the ownership of the hay, the court erroneously charged the jury that "if this was only an agreement to rescind this contract, and not consummated or carried out by their actually entering upon the new agreement, which it is claimed was made there, then it was an executory agreement and was void and the plaintiff could recover."

APPEAL by the defendant Warren G. Willis from a judgment of the County Court of Delaware county, entered in the office of the clerk of the county of Delaware on the 10th day of April, 1888, and from the subsequent order of the court denying a motion for a new trial on the minutes.

The appeal was taken upon questions of law and of fact pertaining both to said judgment and to said order, with notice of an intention to bring up for review, upon such appeal, both said judgment and said order. The action was tried in the Delaware County Court before the court and a jury.

*Warren G. Willis*, appellant and attorney in person.

*James R. Baumes*, for the respondent.

MARTIN, J.:

This was an action to recover damages for the conversion of a quantity of hay to which the plaintiff claimed ownership. Whether the title to this hay was in the plaintiff, or whether it was in the defendant at the commencement of the action, was the question chiefly litigated. The legal title to the premises upon which it was cut was in the defendant. He had, however, by contract under seal, agreed to sell them to one Vanderhule and given him the right of possession. The hay grew on the premises while Vanderhule was in possession under that contract. The plaintiff claimed title under and by virtue of an assignment of the contract to him by Vanderhule. The defendant claimed title under a contract alleged and proved to have been made between the defendant and Vanderhule previous to Vanderhule's assignment to the plaintiff, whereby Vanderhule agreed to regard the contract as rescinded and void and to surrender up the premises to the defendant and to cut the hay and feed it to the cows on the premises for the defendant. Upon the question of title the jury found for the plaintiff.

As the appeal book in this case fails to show that it contains all the evidence, the questions of fact will not be reviewed by this court even if they were otherwise reviewable here. (*Averill* v. *Hurd*, 15 Civil Pro. R., 162; *Mullinhoff* v. *Scherer*, Id., 160; *Wellington* v. *Continental C. and I. Co.*, 52 Hun, 408; *Porter* v. *Smith*, 107 N. Y., 531.)

The only questions we are required to consider on this appeal arise upon the exceptions of the appellant taken on the trial. On the trial the defendant requested the court to charge " that if the minds of Willis and Vanderhule met in July, 1887, upon the parol agreement to abandon and declare the contract void, such an agreement was valid and operated as to that time to rescind the contract; " also, " if there was a parol agreement to rescind and abandon the written contract, then nothing that the parties afterwards did, as shown by the evidence, would have the effect to recover the same." The court declined so to charge. The court charged as follows: " Now, gentlemen, if this was only an agreement to rescind this contract, and not consummated or carried out by their actually entering upon the new agreement, which it is claimed was made there, then it was an executory agreement and was void, and the plaintiff could recover." This portion of the charge and the refusals to charge as requested were excepted to by the defendant.

We think these exceptions were well taken. As we have already seen, the defendant's title depended upon an agreement made between himself and Vanderhule, who was in default in not having performed the contract upon his part. The evidence discloses that Vanderhule, while thus in default, came to the defendant and stated to him that he could not keep the farm, that he could not pay for it; that it was then and there agreed between the parties that the contract should be declared forfeited, canceled and void, and that the farm should be the defendant's; that Vanderhule should cut hay on the premises and feed to the cows until March, and pay the interest on the purchase-money until that time. The evidence tended to show that this new agreement was based on a good consideration and accepted by the parties in satisfaction of their obligations under the former contract; that that contract was rescinded by mutual consent of both parties; that it was agreed that the defendant should be restored to the legal rights which he possessed before the contract was made, and that it was also agreed that the grass should be cut by Vanderhule for the defendant and fed to the cattle on the premises.

If this contract was rescinded by the mutual and voluntary consent of both parties, and without fault on the part of the defendant, he must be deemed to be thereby restored to the same condition, as

to the title of the premises and grass thereon, in which he would. have stood if no contract had been made. (*Battle* v. *Rochester City Bank*, 3 N. Y., 88, 91; *Graves* v. *White*, 87 id., 463.) The new agreement, even if not performed, having been founded on a good consideration, was a satisfaction if accepted as such. (*McCreery* v. *Day*, 28 N. Y. St. Rep., 601; *Kromer* v. *Heim*, 75 N. Y., 574.)

We think the effect of the agreement, as testified to by the defendant and his witnesses, was to rescind the contract, thereby discharging any equitable right which Vanderhule had in the premises, and constituting him the defendant's debtor for the interest on the purchase-price until the following March, and making him the plaintiff's servant in cutting and feeding out the hay cut on the premises. If such was the agreement, the defendant became the owner of the hay in question, and was entitled to the instructions asked for. It was, we think, error to decline to charge as requested, and to charge that such an agreement was void if not consummated or carried out by actually entering upon it.

The court also erred in admitting in evidence the written statement signed by Vanderhule, to the effect that an order given to the defendant by him was to apply on the contract between them, dated February 22, 1886. It was but the unverified declaration of Vanderhule, and was not evidence against the defendant. The exception to the reception of that evidence was valid.

There are several other rulings which, it is claimed, were erroneous, but, as the judgment must be reversed for the errors already pointed out, it is unnecessary to examine the other exceptions in the case.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.