CLAFLIN *et al. v.* FLACK, Sheriff.

*(Common Pleas of New York City and County, General Term.*  February 2, 1891.)

1. REVIEW ON APPEAL—WEIGHT OF EVIDENCE.

The omission from a case on appeal of any statement that it contains all the evidence precludes a review of the facts.

2. RESCISSION OF SALE—MISREPRESENTATIONS.

Plaintiffs gave credit to purchasers of goods, in reliance on statements by the latter as to their solvency made to a mercantile agency, and by it communicated to plaintiffs.  *Held,* that the fact that, before plaintiffs acted on such statements, the purchasers had refused to give another report of their condition, called for by the agency, not having been communicated to plaintiffs, did not affect their right to rescind for misrepresentation in the statements made, as such representation, in the absence of recall, was a continuing one.

3. FRAUD—MISREPRESENTATIONS.

Statements as to their solvency, made by purchasers of goods to a mercantile agency, were communicated by it to plaintiffs in the spring or early summer, and, in reliance thereon, plaintiffs gave them credit on sales commencing in June of the same year.  *Held,* that the statements were not so remote in time from the credit that plaintiffs could not avail themselves of misrepresentations therein.

Appeal from city court, general term.

Action by John Claflin and others against James A. Flack, sheriff of the city and county of New York.  Defendant appeals from a judgment of the general term of the city court affirming a judgment for plaintiffs entered on the verdict of a jury, and affirming an order denying a motion for a new trial.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*David Tim,* (*Sullivan & Cromwell,* of counsel,) for appellant.  *Goldsmith & Doherty,* (*David Leventritt,* of counsel,) for respondents.

PRYOR, J. Appeal from judgment of the general term of the city court, affirming a judgment on a verdict of a jury and an order denying a motion on the minutes for a new trial. Replevin to recover certain goods or their value, alleged to have been obtained from plaintiffs by fraudulent misrepresentation. The case omits the statement that it contains all the evidence; and so we are precluded from inquiry into the facts by the presumption, in support of the judgment, that the proof was sufficient to carry the case to the jury and to warrant the verdict. *Arnstein* v. *Haulenbeek*, 11 N. Y. Supp. 701; *Cheney* v. *Railroad Co.*, 16 Hun, 415. Perhaps, however, we are authorized to review the motion for dismissal of the complaint, on the ground of a fact affirmatively appearing in the record, and which, it is contended, suffices to defeat the action. The misrepresentation by which credit was acquired with plaintiffs was made to a mercantile agency, and by that agency communicated to plaintiffs. Before plaintiffs acted on the misrepresentation, the agency again called on the purchasers of the goods for another report of the condition of their business; but they declined to furnish it. But it does not appear that the agency so called at the instance or in the interest of plaintiffs, or that the fact of the refusal of another report was communicated to plaintiffs. The fact, therefore, does not affect plaintiffs; and since the representation of their solvency which the purchasers lodged with the agency was, in its nature and purpose, a continuing one, a recall of it was necessary to relieve them of liability to persons who extended credit in reliance on the representation. Had the purchasers, instead of merely refusing another report, expressly withdrawn the one formerly made, a question different from that before us would have been presented. We have examined the exceptions in the record, but we find none to be well taken, or of sufficient plausibility to require discussion.

The argument of appellant that the misrepresentation of the purchasers was too remote in time from the credit by plaintiffs, is not supported by the facts; for it appears that plaintiffs received the report from the agency "in the spring or early summer of 1889," and they commenced the credit with the purchasers in June of the same year. We may add, in conclusion, that, assuming all the evidence to be before us, we think the verdict in accordance with the clear preponderance of proof. Judgment and order affirmed, with costs. All concur.