## DILLINGHAM v. FLACK et al.

*(Supreme Court, General Term, First Department.　February 18, 1892.)*

1. APPEAL—REVIEW—REFUSAL TO DIRECT VERDICT.

On appeal from a refusal to direct a verdict in plaintiff's favor the only question which the appellate court will consider is whether, on the evidence, the trial court was bound to direct a verdict for plaintiff as a matter of law.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS — WHAT CONSTITUTES — SEPARATE TRANSFERS.

A bill of sale given simultaneously with conveyances of real estate, and which together dispose of all of the grantor's property, as one and the same transaction, in trust for the benefit of a portion of his creditors, is illegal and void, and the title of one claiming under such bill of sale will not prevail against an attaching creditor.

3. TRIAL—DIRECTING VERDICT.

Plaintiff, in replevin, claimed against an attaching creditor by virtue of a bill of sale from the attachment debtor. On the trial it appeared from the circumstances under which the instrument was given that plaintiff had no title to the property. *Held,* that a verdict was properly directed for defendant, though he had not pleaded such defense.

Appeal from circuit court, New York county.

Replevin by Ezra C. Dillingham against James A. Flack, sheriff of the city and county of New York, and Hugo Meyer. Plaintiff appeals from a judgment for defendants entered upon a verdict directed by the court. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Peckham & Tyler,* (*E. W. Tyler,* of counsel,) for appellant. *David Tim,* for respondent Flack. *Blumenstiel & Hirsch,* for respondent Meyer.

O'BRIEN, J. This is an appeal from a judgment entered on a verdict directed by the court which adjudges the defendants are entitled to the return of certain personal property mentioned in the complaint, and awarding dam-

ages for its detention. The property referred to consisted of certain goods claimed by the plaintiff and also by the defendants. The goods in question were conveyed to the plaintiff by a bill of sale dated the 8th day of July, 1889, and executed by one Christine F. Perine. At the time that the bill of sale was delivered the sheriff was in possession of the goods under an attachment sued out by one Bowman. The plaintiff jointly with the sheriff took possession of the goods under the bill of sale on the 10th day of July, 1889. On the 16th day of July, 1889, the attachment referred to in the answer of the defendant and respondent Meyer was sued out, and judgment was recovered in the action on the 28th of December, 1889. Upon the trial of the case a verdict was directed for the defendants by the court on the ground that the bill of sale was part and parcel with certain other bills of sale or mortgages, and that the whole, taken together, was one scheme intended to operate as a conveyance of property in trust for creditors in a manner which the statutes did not provide for, and was therefore illegal. At the close of the case plaintiff asked the court to direct a verdict for him, which was denied, to which exception was taken. Defendants also moved for a direction in their favor, which was granted, to which plaintiff took no exception.

No motion for a new trial was made, nor is there any order denying any such motion entered or appealed from, and the only exception appearing in the case is the one to the refusal of the court to direct a verdict in favor of the plaintiff. The practice as to what questions are thus raised upon appeal has been settled in numberless cases, but for our purpose it will be only necessary to refer to one, namely, *Railroad Co.* v. *Ebling,* 100 N. Y. 98, 2 N. E. Rep. 878, the head-note to which correctly states the rule: "An appeal from a judgment entered on a verdict must be determined solely upon exceptions taken on the trial. An exception can be taken only to a ruling by the trial court upon a question of law. Where there is an exception to a ruling of the court as to the sufficiency of the evidence to establish a fact in issue, and the defeated party desires to move for a new trial, he must do so in the first instance at the trial court or at special term. Not having done this, no question affecting the merits or the sufficiency of the evidence to support the verdict may be raised at general term." Both parties here having asked the court to direct a verdict, and neither having requested any fact to be submitted to the jury, it was a consent that the court should decide and pass upon the facts. If there is any evidence to uphold the decision it must be sustained. As stated, there was no exception to the verdict directed in favor of the defendants, the only exception taken being to the refusal of the court to direct a verdict in favor of the plaintiff. Thus one question only is properly raised upon this appeal, and that is as to whether the court, upon the evidence, was bound to direct a verdict for the plaintiff as matter of law.

The plaintiff claimed under a bill of sale, and considerable evidence was introduced upon the direct and cross examination of the plaintiff's witnesses affecting the validity and good faith of this bill of sale. Unless, therefore, upon this testimony, the case was so clearly in plaintiff's favor that the refusal to direct such a verdict was error of law, the judgment appealed from must be affirmed. An examination of the record will show that such a case was not made out in plaintiff's favor. The strength of plaintiff's title under the bill of sale was weakened by evidence tending to show that thereunder there was no actual or continued change of possession; that, taking it together with the other mortgages and conveyances made to the plaintiff, it might be regarded as a conveyance in trust to the plaintiff for himself and two other creditors. And the testimony also presented a question whether or not the bill of sale was made in good faith and for an honest purpose. As stated, if there is any evidence upon either of these propositions to justify the finding of the court, then the verdict will not be disturbed. It is unnecessary for us to point out specifically the evidence tending to support the conclusion upon

any of these questions other than the principal one upon which the learned judge below seems to have mainly relied in directing the verdict in defendants' favor. That presented the question as to whether or not the bill of sale was part of one and the same transaction with the execution and delivery of two mortgages and two trust-deeds, together with the conveyance of the Perine homestead and the bill of sale of the furniture in that house, by which all the property owned by Mrs. Perine was transferred to the plaintiff for himself and in trust for two other creditors. It must be conceded as a proposition of law that if the transactions relating to all these transfers by Mrs. Perine to plaintiff amount in effect to a general assignment for the benefit of only a portion of Mrs. Perine's creditors, this, under the statute, would render the entire transaction, and the instruments by which the same was sought to be effected, illegal and void. After considerable testimony was furnished as to the trust-deeds, mortgages, and the other conveyances already attended to, the court, with this provision of law in mind, questioned the plaintiff's attorney, who attended to the details of procuring the various conveyances, as follows: "*By the Court. Question.* State what connection there was between the bill of sale and the other instruments? *Answer.* They were all made at the same time, and as part of the same transaction. *Q.* And to accomplish the same purpose? *A.* Yes, sir." This, together with the other testimony in the case tending to show that every dollar of property owned by Mrs. Perine was transferred to the plaintiff in trust for the payment of plaintiff and two other creditors, was sufficient to justify the refusal by the court to direct a verdict in plaintiff's favor.

There is but one other question that need be considered, and that is the contention of the appellant that the court erred in directing a verdict for the defendants instead of directing a verdict for the plaintiff, for the reason that the supposed defense was not set up in the answer. In support of this position appellant refers to the well-settled rule of law that a defense not pleaded, but proven upon the trial, is no defense; that a judgment can only be rendered *secundum allegata et probata.* This principle has in no way been violated, as a moment's reflection will demonstrate. The plaintiff claimed to be the owner of the property levied upon by the attaching creditor, and brought replevin therefor, asserting and claiming ownership under the bill of sale. It was therefore part of the plaintiff's case to show that he had title to the goods sought to be replevied. The issue of title was tendered by the pleadings, and the burden of showing his title was upon the plaintiff. It was in supporting this burden that the evidence, which had already been referred to, was introduced, and when the plaintiff rested, both parties asked for a verdict in their favor. The court in effect held that the circumstances under which the bill of sale was received did not give title to the plaintiff, and hence the foundation upon which all of plaintiff's claim rested was swept away. We are of opinion, therefore, that the judgment appealed from should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., concurs in result.

LAWRENCE, J., concurs.