HOMEYER *v.* NEW JERSEY SHEEP & WOOL CO.

*(Supreme Court, General Term, First Department.* November 18, 1892.)

1. SECONDARY EVIDENCE—FAILURE TO PRODUCE PAPERS CALLED FOR.
    Where a proposed contract in writing is delivered by plaintiff to defendant, on whom notice to produce is served, on failure to produce it plaintiff is entitled to introduce an alleged copy thereof, and to show by parol evidence that the copy is substantially like the original.

2. SAME—HARMLESS ERROR.
    Where such evidence is properly admitted, it is harmless error that the same evidence was first admitted improperly before proper foundation laid, and stricken out.

    ACTION ON CONTRACT—EVIDENCE—MOTION TO STRIKE OUT.
    Plaintiff, in an action on the contract, introduced a copy of the first proposition, the copy being dated June 25th and the original June 2d; also a telegram dated June 3d from defendant accepting the proposition. *Held,* that a motion to strike out the telegram, because of the discrepancy in the date of the telegram and the copy, was properly overruled.

4. REVIEW ON APPEAL—STATEMENT OF EVIDENCE.
    Where the case contains no statement that all the evidence given at the trial is contained therein, the facts are not before the general term for review.

5. SAME—MOTION FOR NEW TRIAL.
    To bring up a case for review on the facts, there must be an appeal from the order denying a new trial.

Appeal from special term, New York county.

Action by Alvy W. Homeyer against the New Jersey Sheep & Wool Company on a contract. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.
*William F. Randel,* for appellant. *P. Q. Eckerson,* for respondent.

O'BRIEN, J.   The action was to recover $743.75, the amount of the contract price for boring a well 175 feet deep, and furnishing materials in connection therewith.   On the part of plaintiff evidence was given tending to show that the work was done and material furnished in accordance with the contract alleged in the complaint; and the question at issue, as presented by testimony offered by defendant, was whether or not, as part of the agreement, the contractors were to put down a well that would furnish 75 gallons of water a minute.   Some evidence was also given by the defendant tending to show that the well was to be completed within 30 days; but any variance in respect to time of completion is not material to be considered, as no defense was placed upon this, nor was any point made of it on the trial.   The court, in a charge to which no exception was taken, fairly presented for the jury's determination the question as to what was the contract between the parties, which, upon conflicting testimony, was resolved in favor of the version contended for by plaintiff.   Upon this appeal, the defendant insists that its motion to dismiss the complaint at the conclusion of plaintiff's case should have been granted, for the reason that the burden placed upon the plaintiff, of establishing the specific contract set forth in the complaint, had not been sustained.   It was also urged that the verdict of the jury was contrary to the evidence in the case.   In addition to these two questions, which relate to the merits of the controversy, two other reasons are assigned for a reversal of the judgment, growing out of exceptions taken to the admission in evidence of two exhibits offered by the plaintiff.   One, (plaintiff's Exhibit A,) when first offered, was improperly admitted, because no sufficient foundation had been laid for its introduction.   Thereafter, however, the court struck it out, and it was finally admitted when, in the opinion of the court, a proper foundation had been made.   The most serious question in the case turns upon the point as to whether it was error to admit finally this exhibit, which, it was claimed by the plaintiff, was a copy of the original proposition accepted by the defendant, and which constituted the agreement upon which the right of action depends.   The contractor's testimony was to the effect that, prior to June 2d, the original, of which this Exhibit A was substantially a copy, was delivered to and left with the defendant.   The bookkeeper of the plaintiff stated that he went with one of the contractors to the place of business of the defendant in Jersey City, upon which occasion the contractor introduced the subject of receiving the acceptance of his proposition, which Mr. Pidcock, one of the officers of the defendant, stated had been mislaid; that it was then suggested that a new one be written up, which was then and there done; and Mr. Pidcock stated that it was satisfactory, and that he would keep it, and have his "typewriter write it off on the machine, and mail it to Mr. Conlan [the contractor] at Newark."   When asked if he could remember the contents of that paper written at the defendant's place of business, he stated that he had a fair recollection of it; and, when asked if the plaintiff's Exhibit A corresponded with the paper left with defendant, he answered that it corresponded in price, and in depth limit, and in the material; and he further stated that, to the best of his recollection, it was a copy of it.   It further appears that the defendant was requested to produce the original, and resort to this secondary evidence contained in Exhibit A was only due to their refusal to produce the original.

We take it that the law is well settled that where, as here, a proposition in writing is delivered to and left with a defendant, upon whom notice to produce is served, a failure to produce such original paper entitles the plaintiff to resort to secondary evidence; and therefore, if no more certain or definite proof was available, resort might be had to parol evidence for this purpose. Here, however, was a paper which, according to the testimony of these two witnesses, was stated by one to be substantially a copy of the original proposition, and by the other to be substantially a copy of the second proposition,

also left with the defendant; and the link showing the similarity between the first and second propositions in writing left with the defendant is supplied by the testimony of the contractor, who says they were made on the same form, and were, with the exception perhaps of some words, exact and substantial *fac similes*.

While, therefore, the admission of this exhibit originally may have been error, it was harmless, because it was stricken out, and not finally admitted, until the evidence entitling it to be referred to as secondary evidence was presented. The second exhibit (B) called in question was a telegram, dated June 2, 1890, as follows: "Have concluded to accept your offer. Commence at once. NEW JERSEY SHEEP & WOOL COMPANY." Though no objection was made when the telegram was offered and admitted in evidence, defendant's counsel subsequently moved to strike it out on the ground "that it was offered in evidence as an acceptance of the proposition which show on their [*sic*] face the falsity of it." This motion is not only grammatically and formally bad, but it is scarcely intelligible. We may assume, however, that the difference in date between the proposition, which was dated June 25th, and this telegraphic acceptance, which was dated June 3d, is the point the appellant desired to make. This discrepancy in dates was explained by one of the contractors, who testified that the first proposition submitted to the defendant was prior to June 2d, and that, upon the defendant's officer, Pidcock, informing him that it had been mislaid, the second one was made out on or about the 25th of June, upon which day it was dated, and left with the defendant. This tallies with the testimony of the bookkeeper, who, in his testimony already referred to, explains the reason for the giving of this second proposition. If, therefore, we have apprehended the point presented by appellant in regard to this telegram, we think we have furnished the answer.

This leaves the two questions most strongly urged upon this appeal, namely, the denial of the motion to dismiss the complaint for insufficient evidence; and the denial of defendant's motion, after the verdict in plaintiff's favor, to set the same aside, because contrary to the weight of evidence. The case contains no statement that all the evidence given upon the trial is contained within it. The facts are not, therefore, before the general term for review. The only questions are those of law. *Aldridge* v. *Aldridge*, 120 N. Y. 614, 24 N. E. Rep. 1022; *Cheney* v. *Railroad Co.*, 16 Hun, 415; *Claflin* v. *Flack*, (Com. Pl. N. Y.) 13 N. Y. Supp. 269. It is to be further noticed that, although a motion for a new trial was made, no order denying the same was ever entered, and no appeal from such an order is before us, the appeal being only from the judgment. A denial of a motion for a new trial is not the subject of an exception, and such an exception presents no question of fact for review upon appeal from the judgment. To bring up the case for review upon the facts, there must be an appeal from the order denying the motion for a new trial. The only mode in which the facts can be brought before the general term for review is by appeal from order of special term or circuit granting or refusing a new trial. *Matthews* v. *Meyberg*, 63 N. Y. 656; *Boos* v. *Insurance Co.*, 64 N. Y. 236; *Dillingham* v. *Flack*, (Sup.) 17 N. Y. Supp. 879.

The procedure necessary to present questions for review upon appeal has been so frequently formulated as to now make it appear a needless repetition. But, for the reason that upon so many appeals it is lost sight of, it it would seem necessary from time to time to repeat it, with a view, if possible, of saving appellants from falling into the same errors as the appellant here, of urging questions that cannot be considered because not presented upon a proper record. The exception taken by the defendant to the denial of its motion to dismiss the complaint presents a question of law as to whether there were sufficient facts tending to prove a cause of action which requires that they should be examined in order to make a disposition thereof.

For this purpose it is unnecessary that a statement should be made in the record that it contains all the evidence, because the question thus presented could as well be determined upon a bill of exceptions as upon a record of the entire case. Were the question to be presented by a bill of exceptions, it would then be the duty of the plaintiff to see that all the testimony which he regarded as essential to establish a *prima facie* case was inserted therein. So where a case and exceptions on appeal are presented, as here, and an exception is taken to the denial of a motion to dismiss the complaint on the ground that the cause of action alleged in the complaint has not been proven, we are to assume that all the testimony relevant and necessary to show that the denial of such motion was correctly made is before us. This requires that we should examine the testimony offered by the plaintiff, for the purpose of determining whether the motion to dismiss the complaint was properly denied. This we have done, and taking the defendant's version of what the contract was between the parties, and of the manner in which the same was fulfilled, we fail to find any fatal variance between the allegations of the complaint and the proof offered in support thereof, or any such insufficiency in making out a *prima facie* case as would have justified the trial judge in granting the motion for a dismissal. We are of opinion, therefore, that the judgment appealed from should be affirmed, with costs. All concur.