## SMITH v. SIMMONS.

(Supreme Court, General Term, Third Department.   November 22, 1892.)

1. NEW TRIAL—WHEN GRANTED—EXCEPTIONS.
    Where no exception is taken during the progress of a trial, or to an order
    of court directing a verdict for defendant, a motion for a new trial on the
    minutes, under Code Civil Proc. § 999, should be denied.

2. APPEAL—REVIEW—NEW TRIAL—DENIAL OF MOTION.
    A denial of a motion for a new trial on the minutes cannot be reviewed on
    appeal. unless an order denying the motion was entered, and an appeal taken
    from the order.

3. APPEAL—AFFIRMANCE—LACK OF EXCEPTIONS.
    Where a verdict is directed for defendant, and there is no exception to this
    ruling, nor material exception to the rulings upon the trial, and no appeal
    from an order denying a new trial on the minutes, under Code Civil Proc. §
    999, the judgment will be affirmed on appeal.

Appeal from circuit court, Fulton county.

Action by Charles A. Smith against Andrew D. Simmons.   From a
judgment on a verdict directed for defendant, plaintiff appeals.   Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Spencer & Banker, (Edgar A. Spencer, of counsel,) for appellant.

Smith & Nellis, (Andrew J. Nellis, of counsel,) for respondent.

PUTNAM, J.   No exceptions were taken during the trial that should
cause a reversal of the judgment.   After the parties had rested, defend-
ant moved that the court direct a verdict against plaintiff, in his favor,
of no cause of action.   Plaintiff asked to go to the jury upon the ques-
tions involved in the case.   The court denied the plaintiff's motion,
and directed a verdict for the defendant.   To this ruling of the court,
and direction, no exception was taken by the plaintiff.   The plaintiff
then moved for a new trial upon all the grounds specified in section 999
of the Civil Code,[1] which motion was denied, plaintiff excepting.   In-
asmuch as no valid exception was taken by the plaintiff during the
progress of the trial, nor to the direction of the court to the jury to ren-
der a verdict in favor of defendant, the motion for a new trial was prop-
erly denied; but, if otherwise, as no order was entered denying the mo-
tion, we cannot consider the propriety of the ruling of the court.   The
question is not before us.   The only way that the exception from the
order denying a new trial could be considered by us would be on appeal
from the order, had one been entered.   There is no order, and hence no
appeal from the ruling of the court denying the motion.   All that is be-
fore us, therefore, is the appeal from the judgment; and, no exception
being taken to the direction for a verdict, or other material exception to
the rulings of the court upon the trial, and as, under the circumstances,

[1] Code Civil Proc. § 999, provides that the judge presiding at a trial by jury may,
in his discretion, entertain a motion made upon his minutes at the same time to
set aside the verdict, and grant a new trial, upon exceptions, or because the ver-
dict is excessive or insufficient, or otherwise contrary to the evidence or contrary
to law.   If an appeal is taken from the order made upon the motion, it must be
heard upon a case prepared and settled in the usual manner.

we cannot consider the case upon its merits, it follows that the judgment must be affirmed, with costs. See Jacobsen v. Cornelius, (Sup.) 5 N. Y. Supp. 306; Railroad Co. v. Ebling, 100 N. Y. 98, 2 N. E. Rep. 878; Ainley v. Railway Co., 47 Hun, 207. All concur.