DAVIS v. WILLIS.

(Supreme Court, General Term, Fourth Department.    February, 1893.)

1. APPEAL—REVIEW OF FACTS.
   To bring up a case for review on the facts, there must be a motion for a new trial, an order denying it, and an appeal therefrom.
2. SAME—HARMLESS ERROR—ADMISSION OF IMPROPER EVIDENCE.
   Where evidence of a fact has been admitted without objection, the admission of further evidence as to such fact, though erroneous, is error without prejudice.
3. WITNESS—EXAMINATION—FACTS ASSUMED BY QUESTION.
   On an issue as to whether a contract between defendant and a third person, under which plaintiff claimed as assignee, had been rescinded by mutual consent prior to such assignment, defendant was asked, on cross-examination, "What time was this pretended or alleged cancellation of the contract?" *Held*, that the question was not objectionable on the ground that it assumed the contract was a pretended one.
4. SAME—IMPEACHMENT.
   A witness examined to impeach plaintiff's character testified that he would not believe plaintiff under oath "as soon as he would men in general." On cross-examination witness was asked if good men were not spoken ill of there, (meaning the town where plaintiff lived,) and if he had not heard as good men as plaintiff berated. *Held* that, though such questions might properly have been excluded, their admission was not such error as would require a reversal of the verdict.

Appeal from Delaware county court.

Action by Edward J. Davis against Warren G. Willis to recover the value of certain hay alleged to have been converted by defendant. From a judgment for plaintiff, defendant appeals. Affirmed.

In the notice of appeal, dated March 10, 1892, from the judgment entered on the 4th of March, 1892, it is stated: "And appellant intends to bring up for review upon such appeal the order herein, dated the 29th day of October, 1891." No such order is found in the appeal book. Plaintiff's complaint alleges that the plaintiff was the owner of 20 tons of hay, on the so-called "Oliver Baxter Farm," in the town of Masonville, Delaware county, N. Y., worth $10 per ton; that the defendant converted said hay to his own use, to the plaintiff's damage of $200. The action was brought in the justice's court, and in the defendant's answer it is alleged that in February, 1886, he sold to one Hiram Vanderhule, by a written contract, certain lands belonging to the defendant; and that subsequently the contract was forfeited and declared void, and it, and all rights under it, surrendered by Vanderhule to the defendant prior to the time named, etc. The action was tried in a justice's court, and a verdict was rendered for the plaintiff of $50. An appeal was taken to the county court, and it was tried there in March, 1888, and a verdict was recovered for the plaintiff of $120. An appeal was taken to this court, and the judgment was reversed, principally on the ground that an error was committed by the trial judge in the course of his charge to the jury. The cause was again tried in the county court on the 19th of October, 1891, resulting in a verdict for the plaintiff for $129.76. Judgment was entered thereon, and the appeal therefrom was taken to this court.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Warren G. Willis, in pro. per.

James R. Baumes, for respondent.

HARDIN, P. J. Upon the appeal before us, the appellant is not entitled to have us review the facts, and determine whether the verdict was against the weight of evidence, as there is no order denying a motion for a new trial in the appeal book. Matthews v. Mayberg, 63 N. Y. 656; Hume v. Mayor, 74 N. Y. 268; Burger v. Burger, 111 N. Y. 528, 19 N. E. Rep. 99, 21 N. E. Rep. 50; Homeyer v. Wool Co., (Sup.) 20 N. Y. Supp. 814; Smith v. Simmons, (Sup.) 21 N. Y. Supp. 47; Carlson v. Winterson, (City Ct. N. Y.) 20 N. Y. Supp. 897. There is, however, an order in the appeal book, made at the close of the first trial in the county court, which we reversed on the former appeal. 57 Hun, 200, 10 N. Y. Supp. 883. That order cannot be considered in reviewing the last trial. We have, therefore, before us, on this appeal, only the exceptions taken during the trial, as the appellant's appeal from the judgment is only effectual in bringing them before us. Boos v. Insurance Co., 64 N. Y. 236; Railroad Co. v. Ebling, 100 N. Y. 98, 2 N. E. Rep. 878. The trial seems to have proceeded in accordance with the views expressed in our opinion on the former appeal. 57 Hun, 200, 10 N. Y. Supp. 883. In presenting the case to the jury the trial judge kept within the principles stated in the opinion of Judge Martin, speaking for this court, and no exception was taken to the charge.

2. The jury found a verdict "for the plaintiff for 15 tons of hay, at $7, equal to $105," and allowed interest upon that amount. Were there any rulings made which were prejudicial to the defendant? When the plaintiff purchased of Vanderhule the contract, and the property he claims to recover for, he paid for the purchase by giving a note, with a surety, on the 24th of October, 1887. That note was offered in evidence, and defendant objected to it, and took an exception to the ruling admitting it in evidence. The witness had already testified, without objection, that he gave the note, and that it had been paid. We think the defendant was not prejudiced by the ruling. In Roe v. Hanson, 5 Lans. 304, the price at which a cow sold at private sale was held to be inadmissible, and the case does not contain anything which condemns the ruling before us.

3. Plaintiff called McKinnon as a witness, who testified that he went to the bays where the hay was stored, and added: "While there, Davis, Vanderhule, and I looked at the hay in the barn, and measured the mows. Vanderhule and Davis measured the hay in my presence, and they called off the different dimensions of the bays." Thereupon the following question was propounded to the witness: "Question. What were the size of those bays, Mr. McKinnon?" This was objected to "upon the ground that it does not appear that he knows." The court ruled, viz.: "He may answer." Defendant took an exception, and the witness answered: "They were 30 feet long, and 15

feet wide. I saw ·the height of the hay. This was a double floor or overshot barn. The hay was above the upper floor about three feet. It would average three feet on both sides; some places, a little more. It was seven feet between the floors. I observed the quality." We think the exception presents no error.

4. Plaintiff called as a witness Mr. Sisson, who stated that he was a farmer, and that he lived within about a mile of the farm upon which the hay in controversy was situated, and that he had attended a sale of hay that fall in the neighborhood of the farm, and that he had heard the quality of this hay described. He was then asked to give an opinion of the value of the hay. An objection was taken to the question, by stating "that the evidence called for is incompetent." The objection was overruled, and an exception was taken, and the witness answered, "The average price would be, I should judge, 9 or 10 dollars, —between nine and ten." An exception was taken, and the witness added, "I think the fair market price was nine dollars." There was no motion to strike out the witness' answer last given, and from several other witnesses like testimony was given; and the jury found, specifically, the value of the hay to be seven dollars per ton. Under such circumstances, we are of the opinion that the defendant was not prejudiced by the ruling.

5. During the cross-examination of the defendant, after he had stated that the contract was canceled in the early days of July, 1887', the following question was propounded to him: "Question. Now, what time was this pretended or alleged cancellation of the contract?" This was objected to by the defendant on the ground that it "assumes that the contract is a pretended one; it is not proven." The objection was overruled, and an exception taken. Thereupon the witness answered, viz.: "It was early in July, perhaps the 5th or 6th or 7th. I can't tell the date. I made no particular minute or memorandum. I have none, that I know of, that I can tell the precise date. I know it ·as early in July. I did not state on the other trial that it was the 9th. I want the scale to slide a few days, if you want it stated in that way." We think the defendant cannot successfully maintain that an error was committed, or that he was prejudiced by the ruling.

6. During the further cross-examination of the defendant the following question was propounded: "Question. They put you on the list, in the first place, for $10,000?" (that is, the assessors.) This was objected to as entirely immaterial. It was overruled, an exception was taken, and the answer which the witness made was as follows: "I didn't know, only from hearsay. I heard they had. I don't think I went before them later, on what is called 'Grievance Day.'" We think the ruling presents no prejudicial error.

7. In the assignment executed by Vanderhule on the 24th day of October, 1887, which transferred to the plaintiff the contract as to the land, there were words broad enough to cover the hay on the farm, The assignment purported to transfer "all and every claim I [Vanderhule] have to the personal property mentioned in said contract, and to the hay now in the barn on said farm, or that was cut on the farm this

year, and in other places of storage, etc." The jury, in effect, have found that Vanderhule owned the hay in question at the time the assignment was made. We think there was some evidence tending to support that claim.

8. Several witnesses were called to impeach the plaintiff's general character; the witness Bourne, among other things on that subject, stating, as to the plaintiff, viz. "I am sorry to say I could not believe him under oath as soon as I would men in general." During the cross-examination considerable latitude was allowed by the court, and the following questions were propounded to him: "Question. Good men are spoken ill of in that town, are they not?" This was objected to as improper, immaterial, and irrelevant, the objection was overruled, an exception taken, and the witness answered, "They are." Then followed the question, "Haven't you heard as good men as Mr. Willis berated there?" This was objected to as immaterial and irrelevant, and the objection was overruled, and an exception taken, and the witness answered, "I have." Before this testimony was given, Mr. Willis had been sworn as a witness. Then the defendant called one Wells as a witness as to general character of the plaintiff, and during his direct examination he said, "I would not believe him under oath as soon as men in general." During his cross-examination he was asked, to wit: "Citizens in that vicinity, the best of your citizens, are spoken against sometimes, are they not,—some fault found?" This was objected to as immaterial and irrelevant; the objection was overruled, and an exception was taken, and the witness answered: "I dare say they are. I presume they are." "Question. You have heard as good men as Mr. Willis criticised very. severely, have you not?" This was objected to as immaterial, objection overruled, and exception taken, and the witness answered, "Certainly, I have." While we can see that the latitude allowed in cross-examination was liberal, and that the trial judge might, without impropriety, have exercised his discretion by excluding some of the answers made, we are not prepared to say that he committed such an error as requires us to disturb the verdict.

Some other exceptions are found in the appeal book, and have been considered, and we are of the opinion that none of them require us to interfere with the verdict. Evidence was given strongly tending to support the theory of the plaintiff. The trial judge seems to have laid down the law as favorably to the defendant as he was entitled to have the same stated. The verdict must be allowed to stand, as a fair determination of the rights of the respective parties.

Judgment affirmed, with costs. All concur.