saying that, when the issue of partnership was decided against the plaintiff, the action was at an end and the defendant was entitled to judgment. 62 N. Y. 508. The case of Marston v. Gould, 69 N. Y. 220, is entirely different. In that case there was no allegation that the parties had entered into a partnership between themselves. The only claim was that they were engaged in a joint adventure, which had come to an end, and for that reason the plaintiff was entitled to an accounting, and to the payment of his share of the profits of the adventure. The case cannot be in any way construed to sustain the claim of the plaintiff here.

For these reasons, and without considering the other question passed upon by the referee, we are of the opinion that this case was properly decided, and that the judgment must be affirmed, with costs. All concur.

(15 Misc. Rep. 439.)

MOSHEIM et al. v. SCHWARTZ.

(City Court of New York, General Term. January 28, 1896.)

APPEAL—NOTICE—VIEW OF FACTS.

Where the notice of appeal in a case tried by jury is from the judgment only, the general term of the city court of New York has no power to review facts.

Appeal from trial term.

Action by J. E. Mosheim & Co. against Harris Schwartz. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before FITZSIMONS, McCARTHY, and BOTTY, JJ.

Albert D. Haff, for appellant.

Franklin Bien, for respondents.

McCARTHY, J. The notice of appeal in this case is from the judgment only, and in such case the general term has no power to review a case on the facts where the trial was by jury. There being no appeal from the order denying a new trial, which is unfortunate, only exceptions appearing on the record before rendition of the verdict can be considered. Boos v. Insurance Co., 64 N. Y. 236, 242; Del Genovese v. Mayor, etc., 14 N. Y. St. Rep. 197. There are no material exceptions in the case, and judgment must therefore be affirmed, with costs. All concur.